## 40995. EMPLOYERS INSURANCE COMPANY OF ALABAMA et al. v. WRIGHT.

FRANKUM, Judge. This is the second appearance of this case in this court. See *Employers Ins. Co. of Ala. v. Wright*, 108 Ga. App. 380 (133 SE2d 39), where a sufficient statement of the facts for a clear understanding of this case may be found. Upon the return of the case to the State Board of Workmen's Compensation, the board adopted the findings of fact and made the award of the deputy director its award, in accordance with the judgment of the DeKalb Superior Court as affirmed by this court, and, at the same time, entered a further award approving the fee contract of the claimant's attorney and directed the employer and insurance carrier to pay a specified portion of the accrued compensation due under the award of the deputy director to the attorney and the balance thereof to the claimant. Both of these awards were dated January 9, 1964. Thereafter and within the time provided by law, the claimant appealed to the Superior Court of DeKalb County "from the award of the State Board of Workmen's Compensation dated January 9, 1964," on the grounds that the directors acted without or in excess of their powers; that the facts found do not support the award; that

there is not sufficient competent evidence in the record to support the award complained of, and on the ground that the award was contrary to law. This appeal came on for a hearing in DeKalb Superior Court, and a judgment was rendered reversing the award of the full board on the ground that the board had failed to comply with the terms of the judgment previously rendered in said court, which judgment was affirmed by this court on the previous appearance of the case here, in that the board had not complied with the provisions of said judgment that a hearing be held to determine any change in condition which may have occurred since the evidence in the case was closed. The judgment of the Superior Court of DeKalb County, which was affirmed on the previous appearance of this case in this court, directed that the case be remanded to the board, and that the findings of fact by the deputy director be made the findings of fact by the board "subject to any change which may have occurred since the evidence in this case was closed." Assuming that the appeal which we now have under review can be properly construed as an appeal from the award adopting the findings of fact and award of the deputy director and not an appeal from the other award of the board which related to the apportionment of the accrued compensation, this appeal fails to show that the claimant has asked for and been denied a hearing on a change in condition. Properly construed, the wording of the judgment of the DeKalb Superior Court, which was affirmed on the previous appearance of this case in this court, meant nothing more than that "nothing in this judgment shall be construed as abridging the right of either party to have a hearing under the provisions of Code Ann. § 114-709, on any change in condition which may have occurred since the entry of the original award by the deputy director." This judgment did not require the board to hold a hearing on a change in condition unless one of the parties applied for it. The record does not show that the claimant has undergone a change in condition which would warrant the modification of the previous award, or if she has undergone a change in condition, that she has made a proper application to the board for a hearing to determine such fact. There was nothing in the record before the judge of the superior court to authorize the entry of the judgment reversing the board, and it follows that this judgment was error.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*
DECIDED DECEMBER 3, 1964.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warren R. Wilson, Jr.,* for plaintiffs in error.
*Albert P. Feldman,* contra.