## 57602. NOWELL v. STONE MOUNTAIN SCENIC RAILROAD.

DEEN, Chief Judge.

The Workers' Compensation Act, Code § 114-103, provides in part: "The rights and the remedies herein granted to an employee shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death." In exchange for the right to recover scheduled compensation without proof of negligence on the part of the employer in those cases in which a right of recovery is granted, the employee forgoes other rights and remedies which he might otherwise have had, but if he accepts the terms of the Act he as well as the employer is limited to those things for which the Act makes provision. For example, pain and suffering, unless it is so severe as to result in economic disability, is not compensable. *Hall v. St. Paul-Mercury Indem. Co.,* 96 Ga. App. 567 (101 SE 2d 94) (1958). "It is likewise well settled that the compensation act covers the entire subject-matter of a claim for injuries by an employee against his employer, and that the remedy given by the act is in lieu of any remedy formerly afforded by an action at common law." *Patterson v. Curtis Publishing Co.,* 58 Ga. App. 211 (198 SE 102) (1938), and see also *Williams Bros. Lumber Co. v. Meisel,* 85 Ga. App. 72, 74 (68 SE2d 384) (1951); *Smith v. White Lift of Dalton,* 145 Ga. App. 596 (244 SE2d 117) (1978).

Georgia is in the minority of states which do not

allow compensation for non-disability producing disfigurement under the Workers' Compensation Act. However, no attack has been made, or can be made in this court on the constitutionality of the Act in this regard. It follows that this common law suit by a young girl against her employer for burns to her neck and chest caused by the firing of a loaded gun in a staged entertainment, but which resulted in no physical or economic disability, is not maintainable and the trial court properly granted the defendant's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 3, 1979 — DECIDED JUNE 5, 1979 — REHEARING DENIED JUNE 19, 1979.

*George P. Dillard, Gail C. Flake,* for appellant.
*Stone, Pennington & Goetz, Charles M. Goetz, Jr.,* for appellee.