## 64293. MURPHY v. ARA SERVICES, INC.

POPE, Judge.

For the purpose of this appeal from the grant of defendant-appellee's motion for summary judgment, the following facts are not in dispute:

Appellee ARA Services, Inc. ("ARA") operates a cafeteria at Klopman Mills, providing food services for employees of the mill. Jack Meffert was the supervisor of ARA's business at all times pertinent to the present action and was acting within the scope of his employment with ARA. In January, 1980 appellant Linda Murphy was hired by Meffert for employment in ARA's Klopman Mills cafeteria. Meffert remained appellant's supervisor until she was fired by him in February, 1980. Appellant's duties while in ARA's employ included attending the serving line, making salads, cleaning the premises, and other work generally associated with that of a cafeteria

employee. Appellant was one of several female employees who worked in the cafeteria at that time.

On the day that appellant was employed, the supervisor, Meffert, began to sexually molest and abuse her, demanding under threat of firing that she have sexual intercourse with him. Specific descriptions of Meffert's behavior are contained in the complaint, appellant's deposition and affidavit, and other supporting documents. The complained of behavior took place entirely during the hours both Meffert and appellant were on duty.

Prior to appellant's employment ARA had actual knowledge that its supervisor, Meffert, did physically and verbally abuse many of ARA's female employees during working hours at their place of employment. Even though repeated complaints were made to ARA about Meffert's actions, ARA allowed him to remain as supervisor of its women employees in the Klopman Mills cafeteria.

In March, 1981 appellant brought the present suit seeking damages in two counts. Count I alleges assault and battery causing appellant to suffer humiliation, embarrassment, and mental anguish; Count II alleges ARA's negligence in hiring Meffert and in allowing him to remain in a supervisory position after appellant had informed ARA of his conduct toward her. The trial court granted ARA's subsequent motion for summary judgment concluding that the exclusive remedy for appellant's claim is provided under the Georgia Workers' Compensation Act (hereinafter "Act").

Appellant appeals the grant of summary judgment enumerating initially as error the trial court's conclusion that her common law claim for damages is barred by the Act. In support of this broad enumeration, appellant challenges two specific rulings contained in the trial court's order: (1) that her injuries were not the result of a wilful act by a third person for personal reasons; and (2) that her injuries arose out of and in the course of her employment. Reversal of either ruling would remove the present claim for damages from the auspices of the Act.

ARA was during the period of appellant's employment and is now subject to the Act, and the insurance coverage required for compliance with the Act was in force at that time. See Code Title 114 (now OCGA Title 34). Under Code Ann. § 114-103 (now OCGA § 34-9-11): "The rights and the remedies herein granted to an employee shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service or death. . . ." See *Nowell v. Stone Mtn. Scenic R.,* 150 Ga. App. 325 (257 SE2d 344) (1979). Therefore, in those instances where an employee's claim against his employer is one which is covered by the Act, his

rights are determinable solely under its provisions and any rights or remedies otherwise available to him against the employer are excluded. Appellant's claim must, then, fall within an exception provided either within the Act itself or the body of case law interpreting it.

Contrary to the trial court's order, appellant contends that the misconduct of the supervisor for which she seeks damages is not a compensable "injury" within the meaning of the Act. Code Ann. § 114-102 (now OCGA § 34-9-1 (4)) defines "injury" for purposes of the Act as "injury by accident arising out of and in the course of the employment...." Specifically excluded from this definition is "injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee...." Appellant's claim was brought against her corporate employer, ARA, for injuries caused by a third person, her supervisor. Determination of whether the assault occurred due to "reasons personal to" appellant, and, thus, the applicability of the foregoing exclusion to the present factual situation are decided on the basis of whether the injuries alleged by appellant arose out of and in the course of her employment by ARA. See *Employers Ins. Co. v. Wright,* 108 Ga. App. 380 (133 SE2d 39) (1963).

" 'The terms "arising out of" and "in the course of" are not synonymous.' " *State Dept. of Labor v. Yates,* 131 Ga. App. 71, 72 (205 SE2d 36) (1974). "An injury arises 'in the course of employment,' ... when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto." *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (2) (118 SE 786) (1923). This statutory requirement relates to the time, place and circumstances under which the injury takes place. *General Fire &c. Co. v. Bellflower,* 123 Ga. App. 864 (3) (182 SE2d 678) (1971). Appellant admits, and we agree, that her injuries arose in the course of her employment in that each act of the supervisor's misconduct occurred during working hours while she was performing those tasks required by or incidental to her employment.

While an injury arising out of the employment ordinarily arises also in the course of it, the converse is not necessarily true. "It is a settled rule that an injury may arise in the course of the employee's employment and yet not arise out of his employment." *United States Fidelity &c. Co. v. Fried,* 64 Ga. App. 186, 187 (12 SE2d 406) (1940). However, both conditions must concur before the Workers' Compensation Act can apply. *Hughes v. Hartford Accident &c. Co.,* 76 Ga. App. 785, 789 (47 SE2d 143) (1948). Under the Act "an injury ' "arises out of" the employment, when there is apparent to the

rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which can not fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work . . . It must be incidental to the character of the business, and not independent of the relation of master and servant.' " *Hartford Accident &c. Co. v. Zachery,* 69 Ga. App. 250 (1) (25 SE2d 135) (1943). "The accident must be one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service." *Employers Ins. Co. v. Wright,* supra at 382.

In the case sub judice appellant's employment with ARA placed her in the working environment of the cafeteria where she was exposed to the *presence* of her supervisor. However, exposure to the person of the supervisor in his capacity as her superior is not dispositive. The risk or causative danger of the injury of the type appellant claims must be reasonably incidental to the character of her employment as a cafeteria worker. We refuse to say that the risk of verbal and physical abuse of a sexual nature alleged by appellant belongs to or is in any way connected with what appellant had to do in fulfilling her responsibilities of employment with ARA. On the contrary, the risk of the offensive conduct alleged by appellant is, unfortunately, a hazard to which she would be equally exposed aside from her employment. That the employment relationship culminated in her discharge by the supervisor, allegedly based upon her refusal to comply with his sexual demands, is insufficient to make her cause of action dependent upon the master-servant relationship so as to be covered by the Act. The misconduct complained of was ongoing throughout her association with ARA and can not now be termed "causally connected" with her employment based solely upon a claim that the discharge of appellant was performed under the authority properly exercised by the supervisor. Compare *Woodward v. St. Joseph's Hosp.,* 160 Ga. App. 676 (288 SE2d 10) (1981).

We are aware of the cases cited by ARA in support of its contention that the intentional tort of the supervisor is an injury covered by the Workers' Compensation Act. However, those cases

arose in contexts not present in the instant action. Intentional torts have been found compensable under the Act " '[w]here a servant is injured by a fellow servant or superior employee in a dispute, not provoked by the injured servant, *arising over the conduct of the master's business. . . .*' " (Emphasis supplied.) *Echols v. Chattooga Mercantile Co.,* 74 Ga. App. 18 (38 SE2d 675) (1946). See *Woodward v. St. Joseph's Hosp.,* supra; *State of Ga. v. Purmort,* 143 Ga. App. 269 (1) (238 SE2d 268) (1977); *Lynch v. General Motors Corp.,* 134 Ga. App. 113 (213 SE2d 525) (1975); Sands v. Union Camp Corp., 559 F2d 1345 (5th Cir. 1977). In the case sub judice there is no evidence that the ongoing misconduct of the supervisor was directed to appellant because of any *work-related* dispute or altercation arising from the performance of her duties for ARA. Conversely, the offensive touching, sexual propositions and demands, and the incident in which the supervisor pushed appellant so that she fell against a wall and hit her head could only have been entirely in furtherance of the supervisor's own very personal reasons. It would be absurd to think that any of the foregoing acts of misconduct alleged by appellant were done by the supervisor either in fulfillment of his duties or to benefit ARA's business of cafeteria food services. "The gravamen of the charge of misconduct . . . was not proximately related to the fulfillment of the duties of the employee to the employer. . . ." *United States Fidelity &c. Co. v. Fried,* supra at 191-2.

The Act has also been found to cover injuries caused by a felonious assault where the conditions under which the employee must perform the duties of his employment may be appropriately characterized as "peculiarly conducive to the eventuality which did occur" by increasing the risk of attack. *Employers Ins. Co. v. Wright,* supra at 383. *Helton v. Interstate Brands Corp.,* 155 Ga. App. 607 (271 SE2d 739) (1980); *General Fire &c. Co. v. Bellflower,* supra. We do not find the cafeteria work herein described to produce the peculiar risk of assault contemplated by these cases.

For the foregoing reasons we hold that the injuries for which appellant seeks recovery were caused by the wilful act of a third person for personal reasons and did not arise out of her employment. Appellant's claim is, thus, neither covered nor barred by the Workers' Compensation Act. We specifically note that the issue of the extent to which ARA might or might not be bound by the alleged misconduct of its supervisor under the principle of *respondeat superior* is not before this court and nothing in this opinion should be read to construe it as such.

The judgment of the trial court granting summary judgment to ARA is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

864

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

Decided November 30, 1982 —
Rehearing denied December 17, 1982 —

*James A. Robbins, Jr., Howard B. Markel,* for appellant.
*W. Lyman Dillon, Oscar M. Smith,* for appellee.