### 40910. AETNA CASUALTY & SURETY COMPANY v. DAVIS.
(320 SE2d 368)

HILL, Chief Justice.

On August 1, 1979, while working at a Pic 'N Pay store, Robin Davis sustained an injury to her back and her right leg. She filed a claim for workers' compensation benefits, and by May 14, 1983, she had been paid $7,663.60 in indemnity benefits and all her authorized medical expenses up to that date — $15,885.61. Because there was a dispute between the employee and the workers' compensation insurer as to the extent of permanent disability, they entered into a settlement agreement which was approved by the Board of Workers' Compensation on June 29, 1981. Pursuant to the agreement, Davis received a lump sum payment of $12,493 in full and final settlement of all claims with one exception, which follows: "The Employer/Insurer further agree that medical expenses which have already been incurred and which are incurred within three years of the signing of this Agreement will be paid. It is understood, however, that such medical expenses are limited to those treatments received as a result of the accident sustained on August 1, 1979."

In December 1981, Davis, who was then in Anchorage, Alaska, had surgery on her right knee. She submitted the expenses to Aetna for payment under the agreement. Aetna filed a notice to controvert with the Board, contending that the expenses were not a result of the August 1, 1979, injury, and that the expenses were not reasonable, necessary or authorized under OCGA § 34-9-200 et seq. Davis responded by filing suit in Fulton Superior Court alleging, inter alia, breach of contract and tortious breach of contract. She also sought judicial enforcement of the settlement agreement pursuant to OCGA § 34-9-106. On Aetna's motion, the trial court dismissed the complaint for failure to state a claim upon which relief could be granted and failure to exhaust administrative remedies. Davis appealed, and the Court of Appeals reversed.

The Court of Appeals first held that seeking judicial enforcement of the settlement agreement was premature because the compensability of the expenses submitted under the agreement presents a factual question which must be resolved by the Board.[1] The Court of

---

[1] The Court of Appeals' approach is similar to that reflected in James v. Aetna Life &c. Co., 326 NW2d 114 (Wis. App. 1982).

Appeals went on, however, to hold that insofar as the complaint sought damages for breach of contract and tortious breach of contract, it was improperly dismissed. We granted Aetna's application for certiorari to consider this latter holding. Because the two holdings of the Court of Appeals are interrelated, we consider both of them.

1. We agree with the Court of Appeals that the issue of whether this claim is compensable should be submitted to the Board. The settlement agreement was approved by the Board and thus it represents an award of the Board. OCGA § 34-9-15; *Nat. Union Ins. Co. v. Mills*, 99 Ga. App. 697 (109 SE2d 830) (1959). The duty of approving items of medical expense is placed squarely on the Board. *Blair v. United States Fidelity &c. Co.*, 140 Ga. App. 880 (2) (232 SE2d 156) (1977); see also OCGA § 34-9-16. "If there must be further expense incurred after the award is made, bills for these expenses should be submitted to the board for making similar determination, approval and award." *Turner v. Baggett Transp. Co.*, 128 Ga. App. 801, 806 (198 SE2d 412) (1973). The fact that this award arose from a settlement agreement approved by the Board does not change the applicability of these rules. Thus we conclude that Aetna was authorized by the Workers' Compensation Act to controvert and decline to pay the claim until such time as the Board determined whether it was compensable under the award.

2. Davis argues, however, that the settlement agreement is also a contract, and that breach of the contract affords Davis an independent cause of action, cognizable in superior court. Aetna responds that it cannot be sued in tort or contract by Davis because the Workers' Compensation Act affords her an exclusive remedy. OCGA § 34-9-11.

In *Bright v. Nimmo*, 253 Ga. 378, 381 (320 SE2d 365) (1984), decided this date in response to a question certified to us by the Eleventh Circuit Court of Appeals, we have held: "[T]he intentional delay of workers' compensation payments does not give rise to an independent cause of action against the employer or its insurer where penalties for such delay are provided by the act. That is to say, where the Workers' Compensation Act provides penalties for delay, such penalties exclude the employee's use of common law remedies." In so holding, we considered and declined to adopt decisions of some other jurisdictions finding that intentional delay of compensation payments gives rise to an independent cause of action. See 2A Larson, Workmen's Compensation Law, § 68.34 (c); "Tort Liability of Worker's Compensation Insurer for Wrongful Delay or Refusal to Make Payments Due," 8 ALR 4th 902 (1981).

OCGA § 34-9-108 (b) (1) provides: "Upon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds, the administrative law judge of

[sic] the board may assess the adverse attorney's fee against the offending party." Thus, the act provides a penalty for an insurer's controverting medical payments without reasonable grounds and therefore the employee's use of common law remedies is excluded.

The trial court did not err in dismissing plaintiff's complaint and to the extent the Court of Appeals reversed the trial court, its decision must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 26, 1984.

*Neely & Player, Andrew J. Hamilton, Gwendolyn R. Tyre, Cone, Shivers & Presmanes, Roger A. Cone, Gregory T. Presmanes,* for appellant.

*C. Lawrence Jewett, Jr.,* for appellee.