### 41092. BRIGHT v. NIMMO et al.
(320 SE2d 365)

HILL, Chief Justice.

This case is here on a certified question from the United States Court of Appeals for the Eleventh Circuit. The statement of facts as recited by that court follows:

"The plaintiff, Rufus Bright, Jr., suffered an employment-related injury on July 3, 1981, and filed for Workers Compensation benefits. His employer, American Cyanamid Company (ACC), and the employer's insurer, Insurance Company of North America (ICNA), contested the claim to the Workers Compensation Board and refused to make payments to the plaintiff. The defendants' controversion of the claim was untimely filed in violation of OCGA § 34-9-221 (d).

"The Board found that the defendants had notice of the compensable injury on July 3rd, and had 'without reasonable grounds' failed to comply with the Act's requirements for controverting the plaintiff's claim for benefits. Pursuant to OCGA § 34-9-221 (e), the Board awarded the plaintiff a fifteen per cent statutory penalty and attorney fees, in addition to his income benefits, for failing to comply with the Act's provisions.

"The plaintiff subsequently brought suit alleging, *inter alia,* that the defendants had 'willfully and intentionally' delayed these payments to the plaintiff, resulting in adverse financial consequences and foreclosure upon his home. The defendants moved for summary judgment on the ground that OCGA § 34-9-221 (e) was the plaintiff's sole remedy for delayed payment of benefits and, therefore, plaintiff had

no independent cause of action outside the Act. The district court granted summary judgment finding it unnecessary to decide if the defendants had intentionally delayed payments, because it determined that the Georgia courts, unlike other jurisdictions, have not decided such a cause of action exists independent of the Act's penalty provisions. The plaintiff has appealed from the summary judgment order."

The Eleventh Circuit then certified the following question to this court:

"Does Georgia law recognize an independent cause of action apart from the remedies available under OCGA § 34-9-221 (e) where the employer and/or insurer have allegedly intentionally delayed Workers Compensation payments that the employee is entitled to under the Act and where they have not properly complied with the Act's requirements?"

The record shows that the plaintiff was injured on July 3, 1981, and the Board found that the employer had notice of the injury on that date. The defendants' untimely notice to controvert was filed on October 7, 1981. A hearing scheduled for October 14 was continued by the administrative law judge at defendants' request to November 9. Following that hearing, the award was rendered in plaintiff's favor on December 16, and was paid to date by ICNA on December 27, 1981, including the attorney fees and 15% penalty.

In general, our workers' compensation law provides benefits to an employee injured "by accident arising out of and in the course of the employment." OCGA § 34-9-1 (4).[1] The law provides that "The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury . . . ." OCGA § 34-9-11. The limitations of liability afforded by the law to an employer extend to the employer's workers' compensation insurer. OCGA §§ 34-9-1 (3), 34-9-11; *Sims v. American Cas. Co.*, 131 Ga. App. 461, 474 (206 SE2d 121) (1974).

OCGA § 34-9-11, supra, has been interpreted consistently to mean that, "where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer." *Freeman v. Ryder Truck Lines, Inc.*, 244 Ga. 80, 82 (259 SE2d 36) (1979) (citing cases). Conversely, although "the remedy provided by this statute is exclusive within the field of its operation . . . it does not exclude redress in cases to which it is not applicable." *Covington v. Berkeley Granite Corp.*, 182 Ga. 235, 237 (184 SE 871) (1935). In *Covington*, the court went on "to say, the right 'to bring an ordinary

[1] OCGA § 34-9-1 (4), supra, excludes from the definition of injury, "injury caused by the willful act of a third person directed against an employee for reasons personal to such employee . . . ."

action for damages' is not excluded by this statute as to injuries which do not fall within its terms." (182 Ga. at 238) Compare *Nowell v. Stone Mt. Scenic R.*, 150 Ga. App. 325 (257 SE2d 344) (1979).

Intentional injuries warrant special consideration. In *Smith v. Rich's, Inc.*, 104 Ga. App. 883 (123 SE2d 316) (1961), the plaintiff alleged that her employer falsely arrested and imprisoned her for 5 hours while investigating an alleged shortage of money, and that during this period she was denied medicine and milk to relieve the pain of stomach ulcers and was denied food, water and the use of the rest room. The court held that intentional torts committed by the employer upon an employee are not "accidents" and hence are not covered by the workers' compensation act, and thus a common law tort action could be maintained. In *Cline v. Aetna Cas. &c. Co.*, 137 Ga. App. 76 (1) (223 SE2d 14) (1975), the court held that an employer and its insurer could be sued in tort for defrauding the employee by withholding medical evidence of the employee's condition from the Board at the time of approval of a lump sum settlement.

In *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607 (271 SE2d 739) (1980), plaintiff sued her employer in tort for failing to maintain a well-lighted and secure parking lot where plaintiff was assaulted and kidnapped (and later raped) when she arrived for work at 4:40 a.m. After finding that plaintiff was injured by accident arising out of and in the course of the employment for reasons not personal to the employee, the court held that plaintiff's exclusive remedy was under the Workers' Compensation Act, notwithstanding plaintiff's allegations that the defendant's acts were intentional and wilful. On the other hand, in *Cox v. Brazo*, 165 Ga. App. 888 (303 SE2d 71) (1983), *aff'd* 251 Ga. 491 (307 SE2d 474) (1983), plaintiff was allowed to maintain an action in tort against her employer for sexual assault and harassment by her supervisor where the employer had notice of the supervisor's proclivity to engage in sexually offensive conduct toward female employees. This result was reached because OCGA § 34-9-1 (4), supra, excludes from the definition of injury, "injury caused by the willful act of a third person directed against an employee for reasons personal to such employee." See *Murphy v. ARA Services,* 164 Ga. App. 859, 861, 863 (298 SE2d 528) (1982).[2]

In the question certified to us, it is stated that plaintiff alleges that the defendants wilfully and intentionally delayed paying workers' compensation benefits to him (until the Board entered its award), that the Board awarded 15% statutory penalty plus attorney fees, and that the defendants' delay caused plaintiff adverse financial con-

---

[2] For other cases involving intentional acts of officers and employees of the employer, see *Samuel v. Baitcher*, 247 Ga. 71 (274 SE2d 327) (1981); *Downey v. Bexley*, 253 Ga. 125 (317 SE2d 523) (1984).

sequences and foreclosure upon his home. (We note that almost every delay in payment by a solvent payor will be wilful and intentional with the consequences upon the payee being dependent upon the payee's financial circumstances.)

Thus, we are faced not with an alleged intentional physical injury by the employer but with an alleged intentional financial injury. The defendants argue that OCGA § 34-9-221 (e) provides the exclusive remedy available to plaintiff. That subsection, which deals solely with income benefits (as opposed to benefits for medical, surgical, hospital, etc., care), provides: "If any income benefits payable without an award are not paid within 14 days after becoming due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the accrued income benefits unless notice is filed under subsection (d) of this Code section or unless this nonpayment is excused by the board after a showing by the employer that owing to conditions beyond control of the employer the income benefits could not be paid within the period prescribed." OCGA § 34-9-108 (b) makes provision for attorney fees.

In *Raines & Milam v. Milam*, 161 Ga. App. 860 (289 SE2d 785) (1982), the employer failed to file a timely notice to controvert as is the situation in the case before us. The employee urged that the employer should be estopped from controverting the claim. The court pointed out that the law authorized the Board to impose attorney fees if the employer, without reasonable grounds, fails to timely controvert the claim, saying: "It is not our function to enlarge these statutory sanctions; rather, any enlargement of sanctions already available is for the General Assembly." 161 Ga. App. at 862.

As pointed out by the Eleventh Circuit, some other jurisdictions have held that intentional delay of compensation payments gives rise to an independent cause of action. The grandfather case so holding was Stafford v. Westchester Fire Ins. Co., 526 P2d 37 (Alaska 1974). See 2A Larson, Workmen's Compensation Law, § 68.34 (c). See also "Tort Liability of Worker's Compensation Insurer for Wrongful Delay or Refusal to Make Payments Due," 8 ALR 4th 902 (1981). We hold, however, that the intentional delay of workers' compensation payments does not give rise to an independent cause of action against the employer or its insurer where penalties for such delay are provided by the act. That is to say, where the Workers' Compensation Act provides penalties for delay, such penalties exclude the employee's use of common law remedies. See *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376 (320 SE2d 368) (1984).

*Certified question answered in the negative. All the Justices concur.*

DECIDED SEPTEMBER 26, 1984 —
REHEARING DENIED OCTOBER 16, 1984.

Martin, Thomas, Johnson & Yancy, Clarence L. Martin, for appellant.
Lee & Clark, R. Jonathan Hart, G. Brinson Williams, Jr., Melissa S. Mundell, Bouhan, Williams & Levy, Walter C. Hartridge, John W. Stone III, Karsman, Brooks, Painter & Callaway, Paul W. Painter, for appellees.