A95A1861. ZURICH AMERICAN INSURANCE COMPANY
v. DICKS.
(470 SE2d 279)

Beasley, Chief Judge.

June Dicks sued Zurich American Insurance Company, her for-

mer employer's workers' compensation insurer. Dicks suffered a work-related injury and filed a complaint, sounding in tort, alleging that Zurich intentionally and wrongfully terminated her medical benefits, thereby aggravating her injuries. Zurich moved for summary judgment on the ground that Dicks' complaint was barred by the exclusive remedy provision of the Workers' Compensation Act. The trial court denied the motion, and we granted Zurich's application for interlocutory appeal.

The facts are not disputed. On September 26, 1990, Dicks suffered a work-related injury, and Zurich authorized medical treatment. Dicks' treating physician ordered her not to return to work until he released her to do so. On June 21 of the following year, Zurich ordered Dicks to be examined by Dr. Basil Griffin, Jr., who was not one of her treating physicians. Dr. Griffin concluded that Dicks "should be either terminated from her job or put in a work hardening program where she can get back to work. . . ." Apparently following Dr. Griffin's advice, Dicks' employer suspended medical benefits and terminated her from her job on August 29. As a result of the suspension of benefits, Dicks on October 21 ceased physical therapy which had been ordered by her treating physician. She resumed treatment 71 days later, but in the opinion of her treating physician, "the more than two-month-long delay in treatment exacerbated [her] medical condition, greatly worsened her symptoms, adversely affected her ability to be rehabilitated, caused additional pain behavior and substantially affected her permanent partial impairment rating."

The ALJ ordered that all benefits be restored to Dicks effective August 29, and upon finding that Zurich's defense of the claim was unreasonable, awarded attorney fees under OCGA § 34-9-108 (b) (2).

The sole issue is whether Dicks' common law claim against Zurich is barred by the exclusive remedy provision of the Act.

OCGA § 34-9-11 (a) provides in part that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death. . . ." Not all employee claims against employers for intentional injuries are barred by OCGA § 34-9-11 (a). An insurer might be held liable for certain egregious torts, as pointed out in 8 ALR4th 902, 905 (1981). But where the Act provides a penalty for delayed benefit payments, a claim based on the delay is barred by the exclusive remedy provision.

In *Bright v. Nimmo*, 253 Ga. 378, 381 (320 SE2d 365) (1984), the Supreme Court held that the intentional delay of workers' compensation payments does not give rise to an independent cause of action against the employer or its insurer for financial injury. It expressly left open the question of whether the employee could recover in tort for "an alleged intentional physical injury by the employer." Id. What

clearly *is* foreclosed is additional recovery for the delay itself in making the monetary payments. The reason given by the court is that the Workers' Compensation Act provides penalties for delay, so the exclusivity feature of the Act excludes the employee's use of common law remedies to obtain penalties in addition to the "delinquency charge" and attorney fees provided for in the Act.

In *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376 (320 SE2d 368) (1984), an employee sued her employer's workers' compensation insurer for tortious breach of contract alleging that the insurer breached a board-approved settlement agreement by failing to pay medical benefits awarded under the agreement. Relying on *Bright*, supra, decided the same day as *Davis*, the Supreme Court acknowledged that OCGA § 34-9-108 provides for the assessment of attorney fees against a party who unreasonably controverts medical payments. It ruled that "the employee's use of common law remedies [was therefore] excluded." *Davis*, supra at 378.

Distinguishable is *Jim Walter Homes v. Roberts*, 196 Ga. App. 618 (396 SE2d 787) (1990), cert. denied, 196 Ga. App. 908. The plaintiff suffered a work-related injury and sued her former employer and its workers' compensation insurer, alleging that they intentionally and wrongfully refused to authorize payment for necessary medical treatment. The court entered judgment against the employer, who on appeal attacked the trial court's jurisdiction to consider a workers' compensation claim and the validity of the judgment under the Act's exclusive remedy provision. Citing *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982) and *Cox v. Brazo*, 165 Ga. App. 888 (303 SE2d 71) (1983), we found that the alleged injury was "an intentional physical injury resulting from [the employer's] refusal to authorize necessary treatment . . ." and concluded that the complaint set forth a common law cause of action which was not barred by the Act's exclusive remedy provision. *Roberts*, supra at 621.

In both *Murphy* and *Cox*, an employee sued her employer after being sexually harassed by a supervisor. In both cases, the employee alleged that her employer negligently retained the supervisor, despite repeated complaints of harassment, and in both cases the trial court granted the employers summary judgment, finding that the employees' claims were barred by the Act's exclusive remedy provisions. In *Murphy*, this Court concluded that the injuries involved in that case did not fall within the Act's definition of "injury," and the claim thus was "neither covered nor barred by the Workers' Compensation Act." Id. at 863. A similar conclusion was reached in *Cox*, supra at 889.

In her complaint, employee Dicks alleged that the ALJ and board found that defendant insurer's cessation of benefits was "unconscionable." She also alleged that defendant's acts constituted "willful and wanton misconduct and misfeasance" and that its "unlawful contro-

version of [her] benefits was willful, intentional, [and] with conscious disregard of the consequences." This comprises the alleged breach of legal duty for which the plaintiff seeks tort damages. She had already obtained against the employer and insurer attorney fees in an amount equal to one-third of the recovery of benefits, as a penalty under OCGA § 34-9-108 (b) for their acting "without reasonable grounds." This, and the delinquency charges based on a percentage of benefits, which are allowed by OCGA § 34-9-221 (e) and (f), are the only penalties provided under the Workers' Compensation Act for employer/insurer recalcitrance.

The Act does not contemplate physical injury flowing from and being caused by wilful and wanton misconduct of an insurer in refusing to make payments. Of course, any refusal to pay would be "intentional." It is the *nature* of the injury alleged here, and the nature of defendant's actions, which plaintiff contends distinguishes her case from those of *Bright* and *Davis*. She is not seeking a monetary penalty for the delay but rather compensation for the physical injury she alleges was caused by the tortious delay, a new or exacerbated injury which is not related to employment but rather to the actions of the insurer as the source independent of her work-related injury. This is outside the purview of the Workers' Compensation Act, as were the alleged acts and injury in *Roberts*, supra at 620 (2), cert. denied, 196 Ga. App. 908. The distinction was recognized by this Court in *Dutton v. Ga. Assoc. &c. Fund*, 215 Ga. App. 607, 608 (451 SE2d 504) (1994).

To hold otherwise would leave Dicks and others similarly situated without legal remedy. Assuming she can prove the alleged breach of duty over and above mere delay, and its causative effect on her claimed physical injury, it is not covered by the Workers' Compensation Act (because it is not work-related) and it would not be compensable at common law. Surely the exclusivity provision of the Workers' Compensation Act does not embrace this result, which would be contrary to the general law found in OCGA §§ 51-1-6 and 51-1-8.

The trial court should be affirmed, as the insurer is not entitled to summary judgment on the record as it stands.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson and Smith, JJ., concur. Andrews, Blackburn and Ruffin, JJ., dissent.*

RUFFIN, Judge, dissenting.

While I agree with much of what the majority holds, I respectfully dissent because I do not believe our Supreme Court's decision in *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376 (320 SE2d 368) (1984), allows such a result. In *Davis* the Court held that " '[t]he intentional delay of workers' compensation payments does not give rise to an independent cause of action against the employer or its insurer where

penalties for such delay are provided by the act. That is to say, where the Workers' Compensation Act provides penalties for delay, such penalties exclude the employee's use of common law remedies.' In so holding, we considered and declined to adopt decisions of some other jurisdictions finding that intentional delay of compensation payments gives rise to an independent cause of action. See 2A Larson, Workmen's Compensation Law, § 68.34 (c); 'Tort Liability of Worker's Compensation Insurer for Wrongful Delay or Refusal to Make Payments Due,' 8 ALR 4th 902 (1981)." *Davis*, supra at 377. After finding that OCGA § 34-9-108 provides for the assessment of attorney fees against a party who unreasonably controverts medical payments, the Court found that "the employee's use of common law remedies [was] excluded." Id. at 378. I believe this broad language in *Davis* expressly bars the cause of action asserted here.

Likewise, I question the soundness of our decision in *Jim Walter Homes v. Roberts*, 196 Ga. App. 618 (396 SE2d 787) (1990). Neither of the cases relied on in *Roberts* involved the type of claim that was at issue in that case. See *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982) and *Cox v. Brazo*, 165 Ga. App. 888 (303 SE2d 71) (1983). While *Roberts* involved a claim for physical injuries resulting from an intentional delay of compensation payments, both *Murphy* and *Cox* involved claims for sexual harassment. Such a claim, as articulated in those cases, clearly falls outside the Act's definition of "injury." Moreover, *Davis*, which was decided at that time, expressly prohibited the cause of action asserted in *Roberts*.

While the claim in *Roberts* and in the case at hand arguably fails to meet the Act's definition of "injury," I am constrained in my dissent by the broad language in *Davis*, which bars such claims because penalties for the unreasonable refusal of medical benefits are provided by the Act. Furthermore, although *Roberts* and subsequent decisions have distinguished between claims for intentional financial injury and those for intentional physical injury, I can discern no reason why such claims should be treated differently where both result from a delay in paying benefits. Because both types of claims are predicated on an intentional and unreasonable delay in paying benefits, in each case the Act provides a penalty. See OCGA §§ 34-9-108 (b) and 34-9-221 (e). Although the majority cites *Dutton v. Ga. Assoc. &c. Fund*, 215 Ga. App. 607 (451 SE2d 504) (1994), as an example in which this Court has recognized the distinction, in *Dutton* we concluded that the cause of action asserted there was precluded by our Supreme Court's decision in *Bright v. Nimmo*, 253 Ga. 378 (320 SE2d 365) (1984). *Dutton*, supra at 608.

Finally, while I sympathize with the plaintiff in this case and concede that an award of attorney fees is likely not sufficient to redress injuries such as are involved here, " '[i]t is not our function to

enlarge these statutory sanctions; rather, any enlargement of sanctions already available is for the General Assembly.' [Cit.]" *Bright,* supra at 381.

I am authorized to state that Judge Andrews and Judge Blackburn join in this dissent.

DECIDED MARCH 15, 1996.

*Drew, Eckl & Farnham, Arthur H. Glaser, Douglas T. Lay,* for appellant.

*Jeffrey W. Frazier,* for appellee.