## S96Q1437. DOSS v. FOOD LION, INC.
(477 SE2d 577)

FLETCHER, Presiding Justice.

We consider in this case the following certified question from the Eleventh Circuit Court of Appeals: Does Georgia Law recognize an independent cause of action apart from any remedy available under the Georgia Workers' Compensation Act where an employer and/or insurer has intentionally delayed authorizing medical treatment to which an employee is entitled under the Act and where such delay has exacerbated a work-related physical injury?[1] Because the Act provides penalties for intentional delays in treatment and allows for compensation for exacerbated injuries, and because an independent cause of action is inconsistent with the public policy behind the statutory scheme, we answer the question in the negative.

While working for Food Lion, Eric Doss was involved in an on-the-job accident and sought workers' compensation benefits for his injury. Later, Doss sued Food Lion in federal court contending that Food Lion's delay in authorizing treatment caused his condition to worsen.

1. The workers' compensation law provides benefits to an employee injured in an accident arising out of and in the course of the employment.[2] The legislature has expressly codified its intent that the Act be liberally construed to bring both employers and employees within the act.[3] Where the Act is applicable, its provisions are the exclusive remedy for the employee against the employer.[4]

In *Bright v. Nimmo*,[5] we held that where penalties for the intentional delay in payments are provided for in the Act, the delay does not give rise to an independent cause of action. A review of the Act reveals that penalties for unreasonable delays in authorizing medical treatment are similarly available under various statutes, including OCGA §§ 34-9-18, 34-9-108 (b), and 34-9-203 (c). The Act also allows for a remedy to the employee in the form of benefits for injuries that are exacerbated or aggravated subsequent to the initial injury.[6] Thus, where an employee's initial injury is made worse by the employer's

---

[1] *Doss v. Food Lion, Inc.*, 83 F3d 378, 380 (11th Cir. 1996).

[2] OCGA § 34-9-1 (4).

[3] OCGA § 34-9-23.

[4] OCGA § 34-9-11.

[5] 253 Ga. 378 (320 SE2d 365) (1984); see also *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376 (320 SE2d 368) (1984).

[6] See *U. S. Asbestos v. Hammock*, 140 Ga. App. 378, 378-379 (231 SE2d 792) (1976) ("aggravation of an injury which took place in the course of employment" is compensable under the act); *St. Paul Fire &c. Ins. Co. v. Hughes*, 125 Ga. App. 328, 330 (187 SE2d 551) (1972) (aggravation of pre-existing injury entitles claimant to compensation under original award); see also OCGA § 34-9-104 (permitting modification of prior award based on change in condition).

intentional delay in authorizing treatment, the Act provides for penalties to punish the employer's conduct and permits the employee to seek benefits for the exacerbated injury. Because the Act provides penalties and allows for additional compensation, there is no logical reason for distinguishing intentional delay in payments from an intentional delay in authorizing treatment. Therefore, we reach the same conclusion as reached in *Bright*[7] and hold that no independent cause of action arises from the intentional delay in authorizing treatment.

2. This holding is consistent with the public policy underlying the Act. The exclusivity provision is the bedrock of the workers' compensation system. The legislature has determined that it is the quid pro quo for workers receiving a guarantee of prompt benefits for work-related injuries without regard to fault or common-law defenses and without the delay inherent in tort litigation. Workers' compensation has never been intended to make the employee whole — it excludes benefits for pain and suffering,[8] for loss of consortium,[9] and it provides a cap on wage benefits.[10] Thus, the exclusion of an independent tort action in this case is not contrary to public policy or the statutory scheme. Any enlargement of benefits and remedies must originate with the legislature.[11]

3. The Court of Appeals recently reached a contrary conclusion in *Zurich American Ins. Co. v. Dicks*.[12] In *Zurich*, the Court of Appeals relied in part upon *Jim Walter Homes v. Roberts*.[13] In *Jim Walter Homes*, however, the court allowed an independent cause of action because the employer had admitted through its default that the employees' allegations fell *outside* the workers' compensation act. This holding was merely consistent with the long-standing rule that the Act "does not exclude redress in cases to which it is not applicable."[14] As discussed above, the plain statutory scheme and the public policy supporting it are inconsistent with the independent action allowed in *Zurich*. Therefore, we necessarily overrule *Zurich*.

*Certified question answered in the negative. All the Justices concur.*

---

[7] 253 Ga. at 381.

[8] *Nowell v. Stone Mountain Scenic Railroad*, 150 Ga. App. 325 (257 SE2d 344) (1979).

[9] *Zaytzeff v. Safety-Kleen Corp.*, 222 Ga. App. 48, 52 (473 SE2d 565) (1996).

[10] OCGA § 34-9-261.

[11] *Bright*, 253 Ga. at 381; *McCormick v. Mark Heard Fuel Co.*, 183 Ga. App. 488 (359 SE2d 171) (1987) ("it is incumbent upon the legislature to modify the statutory exclusivity feature if it sees fit to do so.").

[12] 220 Ga. App. 725 (470 SE2d 279) (1996).

[13] 196 Ga. App. 618 (396 SE2d 787) (1990).

[14] *Covington v. Berkeley Granite Corp.*, 182 Ga. 235, 237 (184 SE 871) (1936).

DECIDED NOVEMBER 12, 1996.

*Savage & Turner, Brent J. Savage, Robert B. Turner,* for appellant.

*Duffy, Feemster & Lewis, George L. Lewis,* for appellee.

*Drew, Eckl & Farnham, H. Michael Bagley, Laurence L. Christensen, Hawkins & Parnell, Albert H. Parnell, Michael J. Goldman, Walter E. Sumner,* amici curiae.