A97A2311. DICKS v. ZURICH AMERICAN INSURANCE COMPANY.
(499 SE2d 169)

ANDREWS, Chief Judge.

This is the second appearance of this case before us. In *Zurich American Ins. Co. v. Dicks*, 220 Ga. App. 725 (470 SE2d 279) (1996), this Court held by a vote of 6-3,[1] that Dicks had a common law cause of action against Zurich based on "physical injury flowing from and

---

[1] The writer, along with Judge Blackburn, joined in the dissent of Judge Ruffin.

being caused by wilful and wanton misconduct of an insurer in refusing to make payments" and that this cause of action was not barred by the exclusive remedy provision of the Workers' Compensation Act.

No application for certiorari was filed by Zurich[2] and the remittitur was filed in the trial court on April 25, 1996. Thereafter, Zurich obtained new counsel who filed a motion for continuance of trial based on the question certified[3] to the Supreme Court by the federal Eleventh Circuit Court of Appeals in *Doss v. Food Lion*, 83 F3d 378, 380 (11th Cir. 1996).

In *Doss v. Food Lion*, 267 Ga. 312 (477 SE2d 577) (1996), issued November 12, 1996, the Supreme Court held that "[b]ecause the Act provides penalties for intentional delays in treatment and allows for compensation for exacerbated injuries, and because an independent cause of action is inconsistent with the public policy behind the statutory scheme, we answer the question in the negative." Further, that court specifically overruled *Zurich*, supra.

Zurich filed its motion to dismiss Dicks' case, based on *Doss*, on December 6, 1996. By order of January 24, 1997, the trial court denied that motion, concluding that this Court's opinion constituted the law of the case under OCGA § 9-11-60 (h). A certificate of immediate review of that order was denied by this Court on January 29, 1997.

On April 7, 1997, the trial court, without further explanation, vacated its earlier order and dismissed Dicks' case, resulting in this appeal.

OCGA § 9-11-60 (h) provides that "[t]he law of the case rule is abolished; . . . provided, however, that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."

There is no contention here that the evidentiary posture of this case has changed so as to fall within that exception to the law of the case rule. *Lowman v. Advanced Drainage Systems*, 228 Ga. App. 182 (491 SE2d 427) (1997); *May v. Macioce*, 200 Ga. App. 542, 544 (409 SE2d 45) (1991).

---

[2] We reject the argument made by Zurich that it was not permitted to apply for a writ of certiorari in *Zurich*, supra, pursuant to Supreme Court Rule 40 which states that "review on certiorari is not a right. A petition for the writ will be granted only in cases of great concern, gravity, and importance to the public. *Subject to the foregoing*, certiorari will not be granted: . . . (2) Where the Court of Appeals has affirmed . . . a denial of a motion for summary judgment." (Emphasis supplied.)

[3] "Does Georgia law recognize an independent cause of action apart from any remedy available under the Georgia Workers' Compensation Act where an employer and/or insurer has intentionally delayed authorizing medical treatment to which an employee is entitled under the Act and where such delay has exacerbated a work-related physical injury?"

Instead, this case is factually similar to and controlled by *Navistar Intl. Transp. Corp. v. Ogletree*, 199 Ga. App. 699, 700 (1) (405 SE2d 884) (1991). There, this Court's ruling in *Ogletree v. Navistar Intl. Transp. Corp.*, 194 Ga. App. 41 (390 SE2d 61) (1989) was favorable to the plaintiff Ogletree, reversing summary judgment to Navistar because there had been no showing that Ogletree had "actual knowledge" of an open and obvious danger in this products liability/negligence action. Thereafter, in an unrelated case, *Weatherby v. Honda Motor Co.*, 195 Ga. App. 169 (393 SE2d 64) (1990), this Court overruled the rationale of *Ogletree*, finding that actual knowledge was not an element of the open and obvious rule and concluding that *Ogletree* was "predicated upon significant errors of law." *Weatherby*, supra at 170.

Nonetheless, this Court reaffirmed the law of the case rule, relying on four Supreme Court cases including *Southern Bell Tel. &c. Co. v. Glawson*, 140 Ga. 507 (79 SE 136) (1913),[4] and found that the trial court and appellate courts are bound by the earlier ruling in the case before it. " 'The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case, even though the ruling has been disapproved . . . before the second appearance of the case in that court.' [Cits.]" *Navistar*, supra; *Lowman*, supra; *McLean v. Continental Wingate Co.*, 222 Ga. App. 805, 807 (1) (476 SE2d 83) (1996) (physical precedent); *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 787 (1) (456 SE2d 97) (1995) (whole court).

Similarly here, *Zurich*, supra, is the law of the case as between Zurich and Dicks and the trial court's dismissal of the case is reversed.

Zurich relies heavily on *Hart v. Eldridge*, 163 Ga. App. 295 (293 SE2d 550) (1982) (*Hart II*). As pointed out in *Navistar*, supra, however, the facts of *Hart* are distinguishable because, as here, *Navistar* involved "application and interpretation of the common law, [while] *Hart* involved the interpretation of a statute which, in the interim between the two appearances of the case before this court, was interpreted differently by the Georgia Supreme Court. More importantly, on certiorari of our holding in *Hart* to the Supreme Court, the Supreme Court expressly did not address the issue of whether this court's opinion violated the law of the case rule because, as the court noted, its opinion reversing this court's second ruling effectively restored our initial ruling. See *Hart v. Eldridge*, 250 Ga. 526 (299 SE2d 560) (1983) [(*Hart III*)]. Thus, even in *Hart*, the law of the case

---

[4] *Southern Bell* was most recently cited by the Supreme Court for the law of the case principle in *Roulain v. Martin*, 266 Ga. 353 (466 SE2d 837) (1996).

effectively prevailed." *Navistar*, supra at 700 (1).

It is also noteworthy that, except in *Hart III* and *Navistar*, *Hart II* has not been relied on by either this Court or the Supreme Court regarding the law of the case rule.

Here, there has been no change in the operative workers' compensation statute, but, for reasons of policy related to that statute, the Supreme Court has abolished the common law cause of action established in *Zurich American Ins. Co.*, supra.

Nonetheless, that common law cause of action still prevails in "all subsequent proceedings *in that case in the lower court.*" (Emphasis supplied.) OCGA § 9-11-60 (h). Such a holding does no offense to the Constitution's mandate that "[t]he decisions of the Supreme Court shall bind all other courts as precedents[,]" Ga. Const. 1983, Art. VI, Sec. VI, Par. VI, in light of this statutory language, as fully discussed in *Southern Bell,* supra at 508 (1).

*Judgment reversed. Birdsong, P. J., Beasley, Johnson and Ruffin, JJ., concur. McMurray, P. J., Pope, P. J., Blackburn, Smith and Eldridge, JJ., concur specially.*

BLACKBURN, Judge, concurring specially.

This case is controlled by our Supreme Court's holding in *Southern Bell Tel. &c. Co. v. Glawson*, 140 Ga. 507 (79 SE 136) (1913). *Glawson* involved a situation where the Supreme Court overruled a principle of law established in a Court of Appeals decision, although it apparently did not specifically overrule the case by name. As *Glawson* makes clear, where the Supreme Court, in a different case, overrules the principle of law contained in a decision of this Court, such decision nevertheless remains binding on the parties and on this Court in subsequent appearances of that same case. The majority is therefore correct that the "law of the case rule" applies herein and that our prior decision remains the law of the case. I write separately, however, to urge that this Court overrule *Hart v. Eldridge*, 163 Ga. App. 295 (293 SE2d 550) (1982), because it is in direct conflict with *Glawson*.

In *Hart*, a decision of this Court was expressly repudiated by the Supreme Court in a separate action. When the case appeared before this Court a second time, we held that our earlier decision no longer remained the law of the case following its repudiation by the Supreme Court. We held that "the pronouncement of the highest court in our state that the rule of law relied upon by this court was incorrect and would not be followed effectively became 'law of the case.'" Id. at 298 (1). The *Hart* opinion did not mention the Supreme Court's decision in *Glawson*.

In *Glawson*, the Supreme Court in another case overruled a principle of law without overruling our case which had applied the

subject principle. Whereas in *Hart*, rather than simply overruling the principle outlined therein, it expressly refused to follow the holding in *Hart*. This factual difference, however, does not authorize distinguishing *Hart* from *Glawson* to avoid overruling *Hart*.

Where the Supreme Court *overrules* a decision of this Court in a separate action between different parties, the effect of such holding is simply to preclude the use of such case as authority in any future case. It is only where the Supreme Court has jurisdiction of the overruled case itself that the decision becomes the law of the case in that case. Therefore, the effect is the same where, *in a later case*, the Supreme Court overrules a decision by name or by simply overruling the principle of law contained therein. In either circumstance, the Supreme Court's holding does not become the law of the overruled case. Thus, it is apparent that *Hart* was wrongly decided and should be overruled.

The majority, in refusing to overrule *Hart*, contends that it is distinguishable because this case "involve[s] 'application and interpretation of the common law, (while) *Hart* involved the interpretation of a statute which, in the interim between the two appearances of the case before this court, was interpreted differently by the Georgia Supreme Court.' " Majority opinion at 450, quoting *Navistar Intl. Transp. Co. v. Ogletree*, 199 Ga. App. 699, 700 (1) (405 SE2d 884) (1991).

The majority offers no explanation why such a distinction is significant, and no basis for such distinction can be found in *Glawson*. Moreover, the supposed distinction is factually incorrect. Our earlier decision in this case and the Supreme Court's decision overruling it were both founded upon the interpretation of a statute, the Workers' Compensation Act, and not merely upon application and interpretation of the common law.

In *Doss v. Food Lion*, 267 Ga. 312, 313 (1) (477 SE2d 577) (1996), the Supreme Court held that the exclusivity provisions of the Act preclude an independent cause of action for intentional delay in authorizing treatment. *Doss*, supra at 312-313 (1). Contrary to the majority's contention, the Supreme Court's decision in *Doss* was not based on mere "policy" considerations "related" to the statute, but on its interpretation of the effect of the exclusivity provisions of the Act, an interpretation contrary to that of this Court in our earlier opinion in this case. Id. Thus, as in *Hart*, this case involves "interpretation of a statute which, in the interim between the two appearances of the case before this court, was interpreted differently by the Georgia Supreme Court." Majority opinion at 450, quoting *Navistar*, supra.

*Hart* is indistinguishable from the facts of the present case and, if *Hart* is valid, we would be compelled to hold that our earlier decision in this case is no longer the law of the case because our Supreme

Court has expressly repudiated its holding. This would then require us to reject our Supreme Court's holding in *Glawson*, which we have no authority to do.

Therefore, we are obligated to overrule *Hart*.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Pope, Judge Smith and Judge Eldridge join in this special concurrence.

DECIDED MARCH 20, 1998

*Jeffrey W. Frazier*, for appellant.
*Hawkins & Parnell, Michael J. Goldman*, for appellee.