A03A2284. ECKERD CORPORATION v. ALTERMAN REAL
ESTATE, LTD.
(598 SE2d 510)

BARNES, Judge.

Eckerd Corporation appeals from the final judgment of the trial court granting a writ of possession and awarding past due rent to Alterman Real Estate, Ltd. Eckerd contends the trial court misconstrued the lease and erred by granting the writ of possession and ordering payment of past due rents.

In 1978, Eckerd and Alterman's predecessor in title to a shopping center executed a twenty-year lease for commercial space in the shopping center with options to renew for four successive five-year periods. Later, Alterman purchased the shopping center. The lease required payment of an annual fixed sum as rent and also required Eckerd to pay an annual "percentage rent" amount that was equal to two percent of its gross receipts less the fixed rental amount.

In the eighteenth year of the lease Eckerd reconditioned the premises, and, under a provision in the lease authorizing, in certain circumstances, set-offs for such expenses against the percentage rent due, attempted to reduce the percentage rent by the costs of reconditioning the premises. This led to a dispute between Eckerd and Alterman over whether sufficient time remained on the lease to entitle Eckerd to the set-off. The dispute culminated in Alterman denying that Eckerd was authorized to take the credit it sought.

Nevertheless, Eckerd reduced its next percentage rent payment by the amount of reconditioning expenses it deemed appropriate. Contending that Eckerd was in default under the lease, Alterman rejected the payment and filed a dispossessory. Eckerd answered and filed a counterclaim for breach of contract and attorney fees. After the parties filed cross-motions for summary judgment, the trial court granted Alterman partial summary judgment upholding Alterman's position that Eckerd was not entitled to a credit for the reconditioning expenses. The trial court, however, reserved ruling on whether a writ of possession should be granted to Alterman.

Eckerd appealed from that judgment pursuant to OCGA § 9-11-56 (h), and the appeal was docketed in this court as Case No. A03A0945 ("*Eckerd I*"). In that appeal, Eckerd enumerated the following errors:

1. The trial court erred in construing Section 12 (B) of the Lease when it found that the language "provided there remains at least ten years of unexpired term or extension thereof" related only to years remaining in the 20 year base term and/or exercised options.

2. The trial court erred in construing the phrase "[t]he Tenant's total costs of such reconditioning shall become a credit against percentage rents . . . which may accrue during the three (3) consecutive lease years ending after the completion of such remodeling," as both a condition precedent and a time limitation as to Eckerd's right to accrue the credit.

3. The trial court erred in holding that Eckerd failed to satisfy any time limitation for the accrual of its credit, as it is undisputed that Eckerd notified Alterman of the credit on October 8, 1999, within three years of the reconditioning, and within a reasonable time.

4. Even if the accrual language in Enumeration No. 2 is construed as either a condition precedent or a time limitation, the trial court erred by not holding that Alterman waived strict compliance with the condition by waiting until months after Eckerd timely notified Alterman of Eckerd's intent to exercise the credit.

This court, however, did not address the merits of these enumerations. Instead, we dismissed *Eckerd I* because Eckerd did not file its notice of appeal within seven days of the trial court's order, as required in dispossessory cases by OCGA § 44-7-56. Eckerd did not seek certiorari to contest our dismissal of *Eckerd I*.

1. Alterman's motion to dismiss the appeal based on res judicata arising from the prior dismissal is denied.

2. After the remittitur issued in *Eckerd I*, Alterman renewed its request for a writ of possession, and the trial court entered an order holding that for the reasons stated in its grant of partial summary judgment it found that Eckerd had not paid rent when due, ordered Eckerd to pay Alterman past due rent, and granted Alterman a writ of possession. Eckerd now appeals from that order, and this appeal has been docketed in this court as Case No. A03A2284 ("*Eckerd II* "). The following errors are enumerated in *Eckerd II*:

1. The trial court erred in issuing the writ of possession as Eckerd paid all rents when due, and had an expressed agreement with Alterman that the disputed percentage rent of $38,780.00 did not have to be paid into court as the case proceeded;

2. The trial court erred in construing Section 12 (B) of the Lease when it found that the language "provided there remains at least ten years of unexpired term or extension thereof" related only to years remaining in the 20 year base term and/or exercised options;

3. The trial court erred in construing the phrase "[t]he Tenant's total costs of such reconditioning shall become a credit against percentage rents . . . which may accrue during the three (3) consecutive lease years ending after the completion of such remodeling," as both a condition precedent and a time limitation as to Eckerd's right to accrue the credit[; and]

4. The trial court erred in holding that Eckerd failed to satisfy any time limitation for the accrual of its credit, as it is undisputed that Eckerd notified Alterman of the credit on October 8, 1999, within three years of the reconditioning, and within a reasonable time.

Comparison of the enumerations of error in both appeals shows that enumerations of error 2 through 4 in *Eckerd II* seek to relitigate the identical issues that Eckerd attempted to litigate in *Eckerd I* in enumerations of error 1 through 3. Under our appellate practices, however, this cannot be done. In *Mitchell v. Oliver*, 254 Ga. 112 (327 SE2d 216) (1985), our Supreme Court held:

If the losing party suffers dismissal of his § 9-11-56 (h) appeal for failure to fulfill procedural requirements, the losing party should, in return for his privilege of direct appeal, suffer the same sanction of res judicata which attaches to a final judgment from which a procedurally defective appeal is taken. Therefore, we hold that a losing party on summary judgment who puts the machinery of immediate appellate review under OCGA § 9-11-56 (h) into motion, yet commits a procedural default fatal to his appeal, is foreclosed from thereafter resubmitting the matter for review on appeal of the final judgment.

Id. at 114 (1). The principle announced in *Mitchell v. Oliver* was recently reaffirmed in *Canoeside Properties v. Livsey*, 277 Ga. 425 (589 SE2d 116) (2003). Moreover, we cannot revisit our earlier action in dismissing Eckerd's first appeal because that ruling is binding on this court under the law of the case rule. OCGA § 9-11-60 (h); *Dicks v. Zurich American Ins. Co.*, 231 Ga. App. 448 (499 SE2d 169) (1998).

Therefore, applying *Mitchell v. Oliver*, we cannot address the issues raised in Eckerd's enumerations of error 2 through 4, concerning construction of the lease, because Eckerd "is foreclosed from

thereafter resubmitting the matter for review on appeal of the final judgment." *Mitchell v. Oliver*, supra, 254 Ga. at 114 (1).

3. Eckerd's remaining enumeration of error alleges that the trial court erred in issuing the writ of possession. Eckerd argues that because it paid all rents due, and had an express agreement with Alterman that the disputed percentage rent of $38,780 did not have to be paid into court as the case proceeded, the trial court should not have granted the writ of possession.

The standards applicable to motions for summary judgment announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), apply in this case. Thus, the party opposing the motion must be given the benefit of all reasonable doubt, and the courts should construe the evidence and all inferences and conclusions therefrom most favorably toward that party. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

Alterman's renewed request for the writ of possession alleged that Eckerd refused to pay the percentage rent due for calendar year 2000, and Eckerd was a tenant holding the premises over and beyond the term of the lease. Eckerd's response to the motion contended that Alterman was not entitled to the writ of possession because, under the terms of the lease, payment of the percentage rent was not required as consideration for the lease and, therefore, the failure to pay the percentage rent was not a default under the lease. Eckerd further contended that "[e]ven if a default is found, however, this case is clear that the dispute over the contract interpretation was legitimate, and that Eckerd did not act in bad faith when it asserted its reconditioning credit." No evidence supporting this "good faith" contention was attached to Eckerd's response to the renewed request for the writ of possession.

The trial court, however, rejected Eckerd's argument that payment of the fixed rent was sufficient, found that Eckerd had defaulted within the terms of the lease, and found that Eckerd's tender of only $2,772.70 of the percentage rent due was not sufficient to show good faith when over $38,000 was due in percentage rent. The trial court found that by paying only what it deemed was owed and failing to seek a declaratory judgment or paying the disputed amount into the registry of the court when it was due, Eckerd demonstrated that it had not acted in good faith, particularly when Eckerd did not tender the $2,772.70 payment or reach an agreement with Alterman regarding the disputed amount of the percentage rent until three months after the payment was due.

On appeal, Eckerd argues that the trial court misunderstood that the parties had agreed that Eckerd was not required to deposit the disputed amount into court. Relying on OCGA § 44-7-52, Eckerd also argues that tendering the disputed rent into court is a complete defense to an issuance of a dispossessory writ while the case proceeds. Eckerd argues further that payment of the percentage rent was not required to maintain possession of the premises. This argument was based on Section 4.C of the lease. That section, in part, provided that

> [t]he fixed annual rent shall be considered sufficient consideration for the term of this leasehold. However, in addition to the payment of the said fixed annual rental, Tenant covenants and agrees to pay to Landlord as additional rental for each lease year of the term hereof, on the gross receipts as hereinafter defined, made in such lease year from the business or businesses conducted on the leased premises, a sum equivalent to: The amount by which two (2%) percent of gross receipts exceeds the aggregate of the fixed annual rental paid by Tenant for such lease year.

Eckerd contends that payment of the percentage rent cannot be required to avoid a default because the lease does not even require that it operate the store.

We cannot accept Eckerd's arguments. First, we cannot revisit the correctness of the trial court's ruling on whether Eckerd was entitled to the set-off. *Mitchell v. Oliver*, supra, 254 Ga. at 114. Second, even if Eckerd failed to operate the store, Eckerd's reliance on this argument is misplaced because the failure to operate the store would mean that no percentage rent was due because there would have been no gross receipts for the period.

Third, considering Eckerd's contention that only payment of the fixed rent was required to maintain possession, we find that in *Eckerd Corp. v. Alterman Properties*, 264 Ga. App. 72 (589 SE2d 660) (2003), this court has recently interpreted this identical clause in another lease between these parties and rejected Eckerd's argument. We held that the provision on which Eckerd relies clearly "intended that failure to pay the percentage rent constituted an event of default." Id. at 77 (3). We agree. Section 4.C of the lease, quoted above, plainly obligates Eckerd to pay both the fixed rental and the percentage rental. Indeed, if we were to adopt Eckerd's theory, Eckerd could not be compelled to pay the percentage rent unless Alterman went to the trouble and expense of compelling each payment in court. We do not find this consistent with the intent of the parties as expressed in Sections 4.B and 4.C and 20.B, which defines a default as the "[f]ailure to: (1) Pay rent for a period of fifteen (15) days after notice. . . ."

"The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3.

Although in Case No. A03A1109 we affirmed the trial court's denial of a writ of possession because a jury question was presented on whether Eckerd acted in good faith, that issue is not presented in this appeal. Eckerd did not enumerate the trial court's ruling on the good-faith defense in this appeal as a basis for reversing the grant of the writ of possession, and has not even argued good faith as a basis for reversing the grant of the writ of possession. "Matters not enumerated as error will not be considered on appeal. [Cit.]" *Young v. Turner Heritage Homes*, 241 Ga. App. 400, 401 (2) (526 SE2d 82) (1999).

Accordingly, the judgment of the trial court must be affirmed.
*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 25, 2004 —
RECONSIDERATION DENIED APRIL 8, 2004 — ■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Pendergrast & Jones, Ezra B. Jones III*, for appellant.
*Neil A. Moskowitz*, for appellee.

