40248. EMPLOYERS INSURANCE COMPANY OF ALABAMA et al. v. WRIGHT.

DECIDED SEPTEMBER 11, 1963—
REHEARING DENIED SEPTEMBER 26, 1963.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for plaintiffs in error.

*Albert P. Feldman,* contra.

JORDAN, Judge. The fact that the injury sustained by the employee in this case was the result of a wilful criminal assault does not prevent the same from being an accidental injury within the purview of the workmen's compensation law since there was no misconduct on the part of the claimant and no question of prior personal motivation or ill will between her and the assailant. *Pinkerton Nat. Detective Agency v. Walker,* 30 Ga. App. 91 (117 SE 281) (affirmed on certiorari, 157 Ga. 548); *Keen v. New Amsterdam Cas. Co.,* 34 Ga. App. 257 (129 SE 174). Therefore, the sole question before this court is, whether the accidental injury sustained by the employee arose "out of and in the course of" her employment within the purview of *Code Ann.* § 114-102.

"An injury arises 'in the course of employment,' within the meaning of the workmen's compensation act, when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto." *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (2) (118 SE 786). "The words 'in the course of' refer to the time, place, and circumstances under which the accident occurs." *Thornton v. Hartford Acc. &c. Co.,* 198 Ga. 786, 788 (32 SE2d 816). Applying these principles of law to the facts of this case which disclose that the accident occurred on the premises of the employer, during working hours and while the employee was engaged in performing the duties of her employment in her capacity as a clerk, the accidental injury clearly took place in the course of the claimant's employment.

But did the accident arise out of her employment? "The words 'arising out of' mean that there must be some causal con-

nection between the conditions under which the employee worked and the injury which he received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service. 'A risk may be incidental to the employment when it is either an ordinary risk directly connected with the employment or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment.' Bolos v. Trenton Fire Clay Co., 102 N.J.L. 479 (133 A 764)." *Thornton v. Hartford Acc. &c. Co.,* 198 Ga. 786, 792, supra. "It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment." *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682, 688, supra. The injuries, however, need not arise from something peculiar to the employment but the injury is compensable if after the event it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury. *Fidelity &c. Co. v. Barden,* 79 Ga. App. 260 (54 SE2d 443) ; *U. S. Fidelity &c. Co. v. Phillips,* 97 Ga. App. 729 (104 SE2d 542).

Applying these general principles of law to the facts of this case, the course is by no means made clear and decisive, but it is our considered opinion that under the facts and circumstances presented here, the employee was exposed to certain "causative danger" by virtue of the character and nature of her employment and the conditions under which she worked, and that said danger was sufficiently connected with the duties she was required to

perform in fulfilling her contract of employment, to constitute the same a risk incidental thereto. The duties of the claimant's employment, as a clerk in the employer's business establishment, required her to wait upon and serve the public, who, so far as the record shows, were indiscriminately invited upon the premises by her employer; and this necessarily required her to come in contact with and wait upon all types of people. She was fulfilling the duties of her employment by attempting to serve a purported customer at the time of the assault. Furthermore, the particular conditions under which she worked were peculiarly conducive to the eventuality which did occur. She was the sole employee in the establishment at the time of the assault; and the nature of her work required her to go into a secluded part of the premises to pick up parcels of laundry as customers called for them; and upon the occasion of the assault she had gone into the rear of the premises to pick up a parcel of laundry for the purported customer who followed her there, and after forcing her at gun point through the rear of the building and into a rest room in a vacant part of the premises, knocked her to the floor and raped her.

Under these circumstances, we think the conditions of the claimant's employment did not merely provide the time and place for the assault upon her, but that the same increased the risk of the attack, and subjected her to a danger peculiar to the employment. We therefore hold that the assault upon the claimant arose out of her employment within the purview of the Workmen's Compensation Act. See Larson's Workmen's Compensation Law, Vol. 1, § 11.11 (b), p. 113.

This court in reaching this conclusion was considerably aided by the decision of the Supreme Court of New Jersey in Giracelli v. Franklin Cleaners & Dyers, Inc., 132 N.J.L. 590 (42 A2d 3), a workmen's compensation case practically on "all-fours" with the case under consideration. There, the claimant, a young lady employed by the laundry company and the manager of one of its branch stores, was raped by a customer while she was attempting to wait upon him. The Supreme Court of New Jersey in affirming the award of workmen's compensation benefits held as follows on the issue of whether the assault arose out of the

employment: "That this petitioner met with an accident cannot be disputed. The evil experience which she suffered was an unlooked for mishap, an untoward event which was not expected or designed. Bryant, Adm'x., v. Fissell, 84 N.J.L. 72, 76, 86 A. 458. Thus the question is narrowed to whether the accident arose out of and in the course of the employment. The statutory requirement, N.J.S.A. 34:15-1 et seq.,—that the accident arise out of the employment—connotes the idea that the accident is in some sense due to the employment, from a risk reasonably incident thereto. Bryant v. Fissell, supra; Fitzgerald v. Clark & Son, 2 K.B. 796. Applying that rule to the facts and circumstances proved, we think that the petitioner's injury arose out of the employment. From the facts, it seems to us that she was exposed to a danger of attack that in this instance became an actuality and that such danger was incidental to the employment. It was her duty to wait on all types of people who were customers; she was alone in the management of the store; she was obliged, in the discharge of her duty, to go into the rear room on the errand that took her there on this occasion. If an irate customer calling for his goods, displeased at the service rendered, had struck and injured a clerk attending to his wants, surely such a happening would be compensable. And a consideration of human behavior as we find it impels us to think that the experience visited on the petitioner in this case was a risk, attaching to the employment. . .

"But for the conditions surrounding the petitioner's employment the accident would not have happened. What actually happened was incidental to the character of the employment and the conditions under which perforce it was performed. . .

"In the case before us the petitioner's presence in the rear room was a necessary part of her employment and in the prevailing circumstances she was exposed to the attack that took place. It was not something that happened to her as a member of the general public. Indeed, it is not too much to say that at the time she was acting in obedience of the employer's direction in attending to the customer."

The Giracelli case, as we interpret it, is predicated upon the premise that one whose occupation requires him to wait upon

and serve the public is exposed to the risk of physical danger as the result of having to come in contact and associate with all types of people; and that when such hazard becomes an actuality it may according to the circumstances and conditions present constitute a reasonable incident of the employment. Such view forcibly appeals to reason; and the decision in the Giracelli case readily exemplifies the required causal connection between the conditions of the claimant's employment in the present case and the assault to which she was subjected.

While it is indeed a sad and tragic commentary upon our times, common knowledge of the current rage of crime to which this country is being subjected impels the conclusion that one who earns his daily bread by waiting upon and serving the public in banks, stores and other businesses is liable to occupational hazards no less dangerous than those to be faced by the machinist in the retreat of his shop or the foundryman around the warmth of the hearth.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*