A91A1028. MAXWELL et al. v. HOSPITAL AUTHORITY OF DADE, WALKER & CATOOSA COUNTIES.
(413 SE2d 205)

POPE, Judge.

Plaintiff/appellant Rita Maxwell was employed by defendant/appellee the Hospital Authority of Dade, Walker and Catoosa Counties, d/b/a Hutcheson Medical Center/Tri-County Hospital, as a patient representative. Plaintiff and her husband brought suit against the hospital contending it was negligent in failing to provide adequate security after plaintiff was robbed, raped and beaten in the employee parking lot. Plaintiffs appeal from the trial court's order denying summary judgment to plaintiffs and granting summary judgment to defendant on the basis that plaintiffs' tort action was barred by the exclusive remedy provisions of the Workers' Compensation Act.

The essential facts in this case are not in dispute. Mrs. Maxwell worked at the hospital two days a week from 9:30 a.m. to 6:00 p.m. and two days a week from 6:00 p.m. to 2:30 a.m. The days Mrs. Maxwell worked varied from week to week and her work schedule was posted six weeks in advance in the nurses' lounge. Only employees of the hospital and Mrs. Maxwell's immediate family were familiar with her schedule. The incident giving rise to plaintiffs' lawsuit occurred on May 6, 1990, as Mrs. Maxwell was leaving work after her shift ended at 2:30 a.m. The record shows Mrs. Maxwell was the only employee of approximately 100 on duty at that time whose shift ended at 2:30 a.m. and that she walked to her car alone. Mrs. Maxwell testified that although she was the only employee whose shift ended at that time, she had been instructed by her supervisor not to request a

security guard to accompany her to her car. Mrs. Maxwell estimated over 100 cars were in the parking lot at the time she was attacked. She stated that she had just laid her jacket on the hood of her car when someone came up behind her and put a rope over her neck. Mrs. Maxwell testified in her deposition that she was unaware of anyone else being in the parking lot until she felt the rope go around her neck, but she believed, because of the configuration of the other cars in the parking lot, that her assailant was hiding behind her car prior to the attack. The record also shows that at the time of the attack Mrs. Maxwell was not wearing certain jewelry which she customarily wore to work and that her assailant questioned her concerning the whereabouts of this jewelry. Likewise, Mrs. Maxwell testified she usually wore pants to work but at the time of the attack she had on a dress and her assailant remarked to her before he raped her that it was a "good thing" that she wore a dress "this time" instead of pants. Mrs. Maxwell stated she thought her assailant was alone until someone hollered at one point during the attack for him to hurry up because someone was coming. Mrs. Maxwell could not identify the assailant and neither he nor the "look-out" was ever apprehended.

Plaintiffs contend the trial court erred in granting defendant's motion for summary judgment on the basis that their tort claim against defendant was barred by the exclusive remedy provisions of the Workers' Compensation Act and in failing to find the assault upon Mrs. Maxwell was personal and therefore excluded from workers' compensation coverage. OCGA § 34-9-11 provides, in pertinent part, that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, . . . at common law or otherwise, on account of . . . injury . . . ." Injury is defined in OCGA § 34-9-1 (4) as "injury by accident arising out of and in the course of the employment . . ." but the definition does "not include injury caused by the willful act of a third person directed against an employee for reasons personal to such employee . . . ." "Whether the [attack] resulting in [Mrs. Maxwell's] injuries occurred for 'reasons personal to' her, thereby excluding those injuries from workers' compensation coverage, depends upon whether the injuries arose out of and in the course of [Mrs. Maxwell's] employment with [defendant]. *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 861 (298 SE2d 528) (1982)." *City of Atlanta v. Shaw*, 179 Ga. App. 148, 149 (345 SE2d 642) (1986). Plaintiffs concede that Mrs. Maxwell's injuries arose "in the course of her employment." However, as they correctly assert, "an injury which does not 'arise out of' the employment is not covered by the Act, even where the injury may have occurred 'in the course of' the employment. 'Injury' as defined in OCGA § 34-9-1 (4) 'means only injury by accident arising out of *and* in the course of employment.' (Emphasis supplied.) It has long been

established that both '(a)rising out of and in the course of the employment must occur before the work(ers') compensation act can apply to an injury to an employee. (Cit.)' *Lumbermen's Mut. Cas. Co. v. Babb*, 67 Ga. App. 161, 164 (19 SE2d 550) (1942)." *Garrett v. K-Mart Corp.*, 197 Ga. App. 374, 375 (398 SE2d 302) (1990). See also *City of Atlanta*, supra.

" 'The words "arising out of" mean that there must be some causal connection between the conditions under which the employee worked and the injury which he received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service. . . .' 'It "arises out of" the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment.' [Cit.] The injuries, however, need not arise from something peculiar to the employment but the injury is compensable if after the event it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury. [Cits.]" *Employers Ins. Co. of Ala. v. Wright*, 108 Ga. App. 380, 381-382 (133 SE2d 39) (1963) (in which this court held that an employee's injuries from being raped on the employer's premises was an injury covered by the Workers' Compensation Act).

Applying this test to the facts at hand, we are constrained to agree with the trial court that plaintiff Rita Maxwell's injuries arose out of her employment with defendant. Several times a week, Mrs. Maxwell was forced to walk alone to her car during the early morning hours. The hospital had only one security guard on duty per shift and Mrs. Maxwell had been instructed not to request an escort to her car. Mrs. Maxwell was the only employee out of approximately 100 on duty at the hospital whose shift ended at 2:30 a.m. The parking lot customarily contained over 100 cars, providing ample hiding space, and some of the lights in the parking lot were usually not functioning. Although the days Mrs. Maxwell worked varied from week to week, her schedule was posted six weeks in advance in a place where other employees could easily see it. In addition to contact with fellow employees, her job as a patient representative required her to come in

contact with the public in an indiscriminate manner. Moreover, although plaintiffs point to the fact that Mrs. Maxwell's assailant was familiar with the way she dressed and the jewelry she wore to work in arguing that the attack against her was personal, these facts merely highlight that the assailant's knowledge of Mrs. Maxwell was somehow connected with the workplace.

"Under these circumstances, we think the conditions of [Mrs. Maxwell's] employment did not merely provide the time and place for the assault upon her, but that the same increased the risk of the attack, and subjected her to a danger peculiar to the employment. We therefore hold that the assault[, robbery and rape] upon the claimant arose out of her employment within the purview of the Work[ers'] Compensation Act." *Employers Ins.*, supra at 383. "It follows that [plaintiffs'] remedy, if any, lies exclusively under the provisions of the Act and [plaintiffs] may not maintain a common law tort action against [the] employer. [Cits.] The trial court did not err in granting summary judgment for the defendant." *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607, 609 (271 SE2d 739) (1980). See also *General Fire &c. Co. v. Bellflower*, 123 Ga. App. 864 (4) (182 SE2d 678) (1971); cf. *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982); *Wood v. Aetna Cas. &c. Co.*, 116 Ga. App. 284 (3) (157 SE2d 60) (1967).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 23, 1991 —
RECONSIDERATION DENIED NOVEMBER 27, 1991 — 

*Mitchell, Coppedge, Wester, Bisson & Miller, Warren N. Coppedge, Jr., E. Neil Wester III*, for appellants.

*Shaw, Maddox, Graham, Monk & Boling, C. Wade Monk, Virginia B. Harman, Watson & Dana, Dennis D. Watson*, for appellee.