A94A1616. MACY'S SOUTH, INC. v. CLARK.
A94A1617. CLARK v. MATADOR SECURITY CONSULTANTS & DETECTIVE AGENCY, INC. et al.
(452 SE2d 530)

POPE, Chief Judge.

Plaintiff Jean Susan Clark and defendant Macy's South, Inc. (Macys) both appeal from the trial court's denial of their cross-motions for partial summary judgment. The sole issue on appeal is whether the exclusivity provision in the Georgia Workers' Compensation Act (OCGA § 34-9-1 et seq.) acts as a bar to plaintiff's recovery against Macys in this tort action.

Plaintiff worked as an assistant buyer for Macys in its downtown Atlanta store. It is undisputed that at all times relevant to this case, Macys owned and maintained a parking garage (Garage) that was directly across the street from the downtown store. The Garage was operated for the convenience of Macys' employees and its customers. It also was open to the public. The record shows that, at least in part, security for the Garage was provided by defendant Matador Security Consultants & Detective Agency, Inc. (Matador). Although everyone using the Garage was charged a fee, Macys' employees were given the option of parking in the Garage at a substantially discounted rate, and in fact this is what plaintiff chose to do.

The record shows that as an assistant buyer, plaintiff was a managerial, salaried employee. Although she had no specific working

hours, plaintiff normally worked from 9:00 a.m. to 6:00 p.m. each day. It is undisputed that on April 12, 1988, although not required to do so, plaintiff worked past her normal hours so that she could get ahead on some paperwork. Plaintiff's deposition testimony shows that on this date she in fact worked until approximately 7:45 p.m. and the record further shows that plaintiff signed out of the store at 7:50 p.m. It is undisputed that upon leaving the store, plaintiff went directly to her car, which was parked on the fifth floor of the Garage. When she reached her car a man was sitting in the front seat. The man told her he was with security and that her car had been broken into but he had scared the thieves away. It is undisputed that this man subsequently took plaintiff by force to the top floor of the Garage and assaulted and raped her.

On April 11, 1990, plaintiff filed an amended complaint wherein she alleged that Macys and Matador negligently failed to provide reasonable and adequate security on the date in question, in violation of their duty to plaintiff to exercise ordinary care in maintaining the Garage in a reasonably safe condition. Macys and Matador answered separately, denying liability. On April 15, 1993, plaintiff filed a motion for partial summary judgment as to the issue of the applicability of the workers' compensation bar to her lawsuit. On May 28, 1993, Macys filed its response to plaintiff's motion as well as its own motion for partial summary judgment, arguing that plaintiff's claim against Macys was barred by the exclusivity provision of the Georgia Workers' Compensation Act. On July 1, 1993, Matador filed a memorandum of law in support of plaintiff's motion for summary judgment regarding the workers' compensation issue. The trial court, by order dated December 2, 1993, denied both cross-motions for partial summary judgment. Both Macys and plaintiff appeal the trial court's decision, Macys' appeal being docketed in this court as Case No. A94A1616, and plaintiff's appeal being docketed as Case No. A94A1617.

## Case Nos. A94A1616 and A94A1617

In order to determine whether plaintiff's claim against Macys is barred by the exclusivity provision of the Workers' Compensation Act, we must first determine whether plaintiff's injuries are covered by the Act. In making this determination we must consider whether the injuries plaintiff complains of arose out of and in the course of her employment with Macys. See *Maxwell v. Hosp. Auth. of Dade, Walker &c. Counties*, 202 Ga. App. 92, 93-94 (413 SE2d 205) (1991); see *Garrett v. K-Mart Corp.*, 197 Ga. App. 374, 375 (398 SE2d 302) (1990).

1. "The words 'arising out of' mean that there must be some

causal connection between the conditions under which the employee worked and the injury which [s]he received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. . . . The injuries, however, need not arise from something peculiar to the employment but the injury is compensable if after the event it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury." (Citations and punctuation omitted.) *Maxwell*, 202 Ga. App. at 94.

When we apply the test set forth above to the facts of this case, we conclude that plaintiff's injuries arose out of her employment with Macys. It is undisputed that plaintiff's employment required her to work in a downtown metropolitan area. It also is undisputed that on the date plaintiff was attacked, the reason she was leaving work as night fell was because she had chosen to stay late and get ahead on some paperwork. Although plaintiff was not required to work late, she did in fact do so. Therefore, we reject her contention that the time she spent from 6:00 p.m. to approximately 7:45 p.m. was time spent outside the scope of her employment. See *McElreath v. McElreath*, 155 Ga. App. 826, 828 (273 SE2d 205) (1980). This is especially true in light of the fact that plaintiff was a junior executive and a salaried employee. Moreover, the record shows that it was not unusual for assistant buyers, such as plaintiff, to leave the store as late as 7:00 p.m. to 8:00 p.m.

The facts of this case show that Macys maintained the Garage where plaintiff was attacked for the benefit and convenience of its customers and employees. The reason that plaintiff was in the Garage at the time of the attack was because she had taken advantage of the discount parking rate Macys offered to its employees. The fact that there was only one security guard on duty at the time plaintiff entered the multi-level Garage and that the Garage was open to the public created a risk to plaintiff's safety. Therefore, we conclude that this risk was incident to and causally connected to plaintiff's employment, and the injuries plaintiff suffered arose out of her employment. See *Maxwell*, 202 Ga. App. at 94-95; *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607, 608-609 (271 SE2d 739) (1980).

2. The next issue we must address is whether plaintiff's injury occurred in the course of her employment. "In the course of" refers to the time, place and circumstances under which the accident took place as opposed to the causal connection between the employment and the injury. *State Dept. of Labor v. Yates*, 131 Ga. App. 71, 72 (205 SE2d 36) (1974). In this state it is well settled that "the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises." (Ci-

tations and punctuation omitted.) *United States Cas. Co. v. Russell*, 98 Ga. App. 181, 182 (105 SE2d 378) (1958). Here, the facts clearly demonstrate that on the date in question plaintiff was working for Macys until 7:45 p.m. It is undisputed that plaintiff's assault commenced within ten to fifteen minutes after she left the store at 7:50 p.m. In fact, according to plaintiff, the entire incident occurred only forty-five minutes to an hour after she left the store. Therefore, we conclude that the events that gave rise to the present cause of action occurred well within the reasonable period for egress. See *Labelle v. Lister*, 192 Ga. App. 464, 465 (385 SE2d 118) (1989).

We also conclude that plaintiff's assault occurred on Macys' premises. Plaintiff's contention that because the Garage was open to the public, it cannot be considered part of Macys' premises, is without merit. "[W]hen an employee is injured in, or going to and from, a parking lot *which is owned or maintained by the employer*, the incident is compensable under workers' compensation since the injury arose during the employee's ingress or egress from employment." (Citations omitted.) *Tate v. Bruno's/Food Max*, 200 Ga. App. 395, 396-397 (408 SE2d 456) (1991). "For purposes of the ingress and egress rule, an employer's premises is real property owned, maintained, or controlled by the employer." *Peoples v. Emory Univ.*, 206 Ga. App. 213, 214 (424 SE2d 874) (1992). In this case the uncontroverted evidence shows that the Garage was owned and maintained by Macys and was not merely a public parking lot. Consequently, plaintiff was injured on her employer's premises.

In light of the above, we hold that the assault and rape of plaintiff arose out of and in the course of her employment. Accordingly, her exclusive remedy against Macys is provided by the Workers' Compensation Act, and she may not maintain the present tort action against Macys. The trial court therefore erred in denying Macys' motion for partial summary judgment but was correct in denying plaintiff's motion for partial summary judgment.

*Judgment in Case No. A94A1616 is reversed. Judgment in Case No. A94A1617 is affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED DECEMBER 2, 1994 —
RECONSIDERATIONS DENIED DECEMBER 16, 1994 —

*Long, Weinberg, Ansley & Wheeler, Alan L. Newman, Carol P. Michel,* for Macy's South.

*Foy R. Devine,* for Clark.

*Cozen & O'Connor, Timothy A. Bumann, McKenzie, Martin, Taylor & McConnaughey, Michael A. McKenzie,* for Matador Secur-

ity Consultants.