## A99A0449. JOHNSON v. HOLIDAY FOOD STORES, INC. et al.
### (520 SE2d 502)

ANDREWS, Presiding Judge.

Monica Denita Johnson appeals the trial court's order granting summary judgment to Holiday Food Stores, Inc., Zeb's Zip-In, Inc., Roger Knight, and Holiday Foods, Inc. (the appellees) in this premises liability action arising out of an assault. We affirm.

1. Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the nonmovant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

> A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

Id.

Monica Johnson was employed by appellees as a convenience store clerk. On June 21, 1993, around 10:00 p.m., Johnson's fiance, Jimmy Lee Smith, Jr., drove her to work. Smith parked his car on the side of the store by a pay telephone. This area was not visible to Johnson's co-worker, Roger Knight, who was waiting for Johnson to arrive and relieve him from his shift. Before Johnson went inside, she and Smith had an argument. During this argument, Smith threw Johnson against the exterior wall of the convenience store. Knight did not see this.

Johnson stated in her deposition that she laughed at Smith because she thought he was being silly. She said she and Smith had been arguing on and off all day long. This argument lasted about four minutes. When it was over, Johnson went inside the store to relieve Knight. Smith followed her inside a few minutes later to buy some juice.

Knight did not realize that Smith was with Johnson. He just assumed Smith was a customer. Knight left the building and drove his car around to the front of the store. When Knight drove by the front of the store, he saw Smith leaning over the counter having an animated conversation with Johnson. Smith appeared upset, but he was not yelling. Knight went back in the store and asked Smith if

there was a problem. Smith said "no," that he just wanted to talk to Johnson. Knight told Smith to pay for his juice and leave. Smith complied. According to her deposition testimony, Johnson told Knight that Smith was acting strange and had thrown her against the wall. Knight, however, remembers Johnson saying that Smith had grabbed her wrists.

Knight followed Smith outside the store and saw him get into his car. Knight told Smith to leave. Smith, in a tone Knight thought was "nice," agreed to leave after he made a phone call. Knight went back inside and asked Johnson if she was all right. Johnson said she was fine, that she was not afraid, and that she and Smith were in the process of breaking off their engagement. Johnson appeared calm. Knight told Johnson to call 911 if Smith returned. As Knight was driving away, he saw that Smith was still on the premises, sitting in his car.

After about 15 minutes, during which time Johnson waited on approximately nine customers, Smith reentered the store. Smith was upset because he believed Johnson had been flirting with two of the male customers. Smith spoke to Johnson, but she was angry and did not pay attention to what Smith said. After the men left, Smith walked outside the store again. There is no evidence that Johnson called 911 or protested Smith's presence in the store. A few moments later, Smith returned and hit Johnson in the face, injuring her. Johnson explained in her deposition that Smith was a jealous man and had actually quit his job to "keep an eye on" her. However, she did not think he would ever hit her.

The general rule is that a landlord does not ensure a tenant's safety against third-party criminal attacks, and that any liability from such attacks must be predicated on a breach of duty to "exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1; *Lau's Corp. v. Haskins*, supra at 492 (1). If a proprietor has "reason to anticipate a criminal act," then the proprietor has " 'a duty to exercise ordinary care to guard against injury from dangerous characters.' " Id. The basis of liability is a proprietor's superior knowledge of the existence of a condition that may subject an invitee to an unreasonable risk of harm. *Howell v. Three Rivers Security*, 216 Ga. App. 890, 892 (456 SE2d 278) (1995). Johnson argues the trial court erred in granting the appellees summary judgment because Knight knew that Smith remained on the premises; therefore, she argues, the appellees had superior knowledge of a condition that posed an unreasonable risk of harm to Johnson. We do not agree.

In this case, Johnson had superior knowledge of Smith's personality, character, and temperament, as well as the nature of Smith's relationship with her. Only Johnson knew the extent to which she and Smith had argued that day. Yet, she did not believe Smith would

hit her even after he pushed her against the wall. Johnson thought Smith was being "silly." Knight, who had no dealings with Smith prior to this incident, took his cue from Johnson. After all, he had seen nothing that would cause him to reasonably anticipate a criminal attack. Johnson assured Knight she was fine and she was not afraid. Further, she knew to call 911 if Smith returned to the premises. Although Smith stayed on the premises, Knight testified that Smith appeared calm, behaved respectfully, and said he remained only because he intended to use the phone. Given these facts, we cannot say that appellees had any reason to anticipate a criminal assault or superior knowledge of a condition that subjected Johnson to an unreasonable risk of harm. See *Griffin v. AAA Auto Club South,* 221 Ga. App. 1, 2-3 (1) (470 SE2d 474) (1996).

Further as we have explained:

> This case also differs significantly from those in which a jury could find a legal failure to keep the premises and approaches safe, so that its invitees in general are not subjected to the risk of foreseeable attacks by unknown assailants. This was not a random stranger attack but rather grew out of a specific private relationship which had no connection with [the premises or] employment whatsoever. The place chosen by the boyfriend for the attack just happened to be the employer's [store]. The employer did not create or allow to exist an environment which placed [Johnson] at risk any more than if she had been at home or on the street.

(Emphasis omitted.) Id. at 3.

Finally, Johnson has submitted no evidence that suggests what appellees could have done to prevent Smith from injuring her. A legally attributable causal connection between the appellees' conduct and the injury is required. "Guesses or speculation which raise[s] merely a conjecture or possibility [is] not sufficient to create even an inference of fact for consideration on summary judgment." *Brown v. Amerson,* 220 Ga. App. 318, 320 (469 SE2d 723) (1996). Even if Knight had remained at the store until Smith drove away, Smith could have returned as soon as Knight left. And, Johnson was not motivated to call 911 even after she became aware that Smith was still on the premises. The trial court did not err in granting summary judgment under these circumstances.

Appellees raised and argued several other alternate bases for summary judgment, one of these being that they were immune from suit under the exclusive remedy provision of the Georgia Workers' Compensation Act, OCGA § 34-9-11. We find no merit in this argument because the evidence shows that Johnson's injuries were

caused by the wilful act of a third person for reasons entirely personal to her. This type of injury is specifically excluded from coverage. OCGA § 34-9-1 (4); *Potts v. UAP-GA. AG. CHEM.*, 270 Ga. 14 (506 SE2d 101) (1998); *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982).

2. Our ruling in Division 1 renders moot Johnson's remaining enumeration of error.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JULY 6, 1999.

*Adams & Adams, Charles R. Adams III, Robert A. Butler, Carl A. Veline, Jr.*, for appellant.

*McNatt, Greene & Thompson, Troy L. Greene*, for appellees.