**FOURTH DIVISION
DOYLE, P. J.,
MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 12, 2013**

# In the Court of Appeals of Georgia

A13A1116. DAWSON v. WAL-MART STORES, INC.                    DO-060

DOYLE, Presiding Judge.

Shannon Dawson filed the instant personal injury suit asserting, inter alia, negligence claims against Wal-Mart, Inc.,[1] stemming from an incident during which she was attacked and kidnapped from the Baxley, Georgia, store at which she worked and was thereafter physically and sexually assaulted by the perpetrator. Wal-Mart answered and filed a motion to dismiss or alternatively for summary judgment on the ground that Dawson's claims against it were barred by the exclusive remedy provision of the Georgia Workers' Compensation Act.[2] The trial court granted the

---

[1] Dawson's suit also alleged claims against Joseph Curtis Williams. Those claims are not at issue in this appeal.

[2] OCGA § 34-9-11 (a).

motion and dismissed Dawson's claims against Wal-Mart. For the reasons that follow, we affirm.

> Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant.[3]

So viewed, the record shows that Dawson was a department manager at the Baxley Wal-Mart store, and on January 30, 2010, she was scheduled to begin her shift at 5:00 a.m. Unbeknownst to Dawson, Joseph Curtis Williams, who previously had been convicted of rape, had been drinking and possibly using cocaine and was in his vehicle in the parking lot waiting for his shift to begin at his unrelated place of employment. Shortly before her shift started, Dawson parked in the store parking lot and walked toward the front of the store. Before she could enter the store, a dark-colored Jeep Cherokee driven by Williams hit Dawson, and Williams put the unconscious Dawson into his vehicle and drove her approximately two miles away.

---

[3] (Citation and punctuation omitted.) *Dixie Roadbuilders, Inc. v. Sallet*, 318 Ga. App. 228, 229 (733 SE2d 511) (2012). See also OCGA § 9-11-56 (c).

At that point, Dawson regained consciousness and struggled with Williams in order to stop the vehicle, at which point the car ran into a ditch, and Williams dragged Dawson into a wooded area, where he physically and sexually assaulted her for approximately an hour and a half.

In the meantime, Dawson's kidnapping was witnessed by a co-worker, who retrieved her purse from the ground and alerted his manager to the event. The manager contacted authorities, who issued a be-on-the-lookout ("BOLO") alert for a dark-colored Jeep based on the co-worker's description. Wal-mart employees contacted the asset protection manager in order to assist officers by allowing them access to the store's video surveillance recordings, which they were able to do at approximately 6:30 a.m. After viewing the video, authorities were able to identify Williams as the driver of the Jeep, and the original BOLO was updated with Williams's name and the vehicle's tag number.

Just after 7:00 a.m., a deputy on route to Williams's mother's residence discovered the Jeep by the side of the road and located Dawson, who had severe injures and was transported to a hospital. Around this time, residents in the area contacted authorities to report that an individual was running from the scene back

3

toward the Wal-Mart. At approximately 7:45 a.m., Williams was apprehended in front of a technical college located next to the Wal-Mart.

During the subsequent investigation by police, Williams's girlfriend stated that Williams became angry at her the night before the attack because she had refused to leave work and engage in sexual intercourse with him. The girlfriend stated that his voicemails became increasingly agitated during the course of the night, and after he was arrested, Williams told her while he was in the Wal-Mart parking lot he had been "trying to sober up." The officer assigned to the investigation theorized that Williams had attacked Dawson because of his anger and frustration with the girlfriend and because Dawson resembled her. Williams was convicted of charges stemming from the attack, and he is currently serving a life sentence in a Georgia Correctional facility.

Dawson filed the instant personal injury complaint alleging that Wal-Mart was negligent in failing to make the surveillance video available to officers in a more timely fashion, thereby allowing Williams to continue his attack on Dawson for a longer period of time. Wal-Mart moved to dismiss or for summary judgment on the basis that the action was barred by the exclusive remedy provision of the Georgia Workers' Compensation Act. The trial court found that Dawson's injuries were

4

compensable, and therefore, her tort claims against Wal-Mart were barred by the provision. This appeal followed.

Dawson contends that the trial court erred by determining that her claim against Wal-mart was barred by the exclusive remedy provision because her injuries did not arise out of her employment with Wal-Mart.

> The Workers' Compensation Act is the exclusive remedy for an injury by accident arising out of and in the course of employment. A felonious assault by a third party upon an employee is treated as an accident covered by the Act, so long as the wilful act is not directed against the employee for reasons personal to the employee. In order to determine if the assault occurred for reasons personal to the employee, we consider whether the injuries of which the employee complains (1) arose out of and (2) in the course of her employment. If these two conditions are met, the employee's tort claims are barred by the exclusive remedy provisions of the Workers' Compensation Act. Accordingly, whether the attack resulting in [Dawson' injuries] occurred for reasons personal to her depends upon whether her [injuries] arose out of and in the course of her employment with [Wal-Mart].[4]

---

[4] (Citations and punctuation omitted.) *Burns Intl. Security Svcs. Corp. v. Johnson*, 284 Ga. App. 289, 290-291 (1) (643 SE2d 800) (2007), citing *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607, 608 (271 SE2d 739) (1980) and *Maxwell v. Hosp. Auth. of Dade &c. Counties*, 202 Ga. App. 92, 93 (413 SE2d 205) (1991).

1. As an initial matter, Dawson concedes that her injuries occurred "in the course"[5] of her employment with Wal-Mart, and therefore, we only address the issue of whether her injuries "arose out of" her employment.

2. Dawson argues that there is a question of fact as to whether Williams's attack on her was personal and did not "arise out of" her employment with Wal-Mart because the investigation into the attack showed that Williams may have attacked her due to her resemblance to his girlfriend with whom he was angry at the time.

> The words "arising out of" mean that there must be some causal connection between the conditions under which the employee worked and the injury which he received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service. It arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the

---

[5] "An injury arises in the course of employment when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of her duties, and while she is fulfilling those duties or engaged in doing something incidental thereto. This statutory requirement relates to the time, place and circumstances under which the injury takes place." (Punctuation omitted.) *Burns Intl. Security Svcs. Corp.*, 284 Ga. App. at 292 (1) (b).

6

resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment.[6]

Contrarily, the definition "excludes an injury which can not fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment."[7]

This Court has addressed on-the-job sexual or physical assaults, and the result of whether injuries as a result of such an attack are subject to the exclusive remedy provision are largely fact specific. In a similar case factually to the instant one, *Helton v. Interstate Brands Corp.*,[8] this Court addressed a scenario in which the plaintiff arrived for her 5:00 a.m. shift and parked in the employee parking lot of the defendant company.[9] "As plaintiff exited her car, she was assaulted by a person who was unknown to her, but who was later identified as another employee of defendant.

---

[6] (Punctuation omitted.) Id. at 291 (1) (a).

[7] *Murphy v. ARA Svcs., Inc.*, 164 Ga. App. 859, 862 (298 SE2d 528) (1982).

[8] 155 Ga. App. 607 (271 SE2d 739) (1980).

[9] See id. at 607.

7

Plaintiff was forceably taken by the assailant in his car to an area away from the plant where she was again assaulted and then raped."[10] This Court affirmed the finding that the injuries from the assault arose out of the plaintiff's employment because "[t]he early morning hour at which plaintiff was required to report to work and the location of the company parking lot in the vicinity of an area of known criminal activity provide the causal connection with her employment."[11]

In *Macy's South v. Clark*,[12] this Court explained that the assault and rape of an employee returning to her car during the evening was a compensable injury subject to the exclusive remedy provision because the injury arose out of her employment: the employee was only in the garage because she was an employee and was given a discount and the facts that only one security guard was on duty at the time and that the garage was open to the public created a risk to the employee.[13]

---

[10] Id.

[11] Id. at 609.

[12] 215 Ga. App. 661 (452 SE2d 530) (1994).

[13] See id. at 663 (1).

In *Burns Intl. Security Svcs. Corp. v. Johnson*,[14] this Court determined that the sexual assault and murder of an on-duty security guard was subject to the exclusive remedy provision because there was no evidence beyond mere speculation to show that the guard had left her post on a personal pursuit before being attacked and murdered on the derelict, high-risk property she was assigned to patrol.[15]

Other cases have determined that the sexual or physical attacks did not "arise out of" the employment relationship. In *Johnson v. Holiday Food Stores*,[16] which centers on the premises liability aspects of the case, this Court summarily rejected the defendant's claim that the tort claims were barred by the exclusive remedy provision. The employee had been injured on the job as a store clerk after her boyfriend came into the store and attacked her.[17] This Court concluded that the defendant's argument was meritless because "the evidence show[ed] that [the employee's] injuries were caused by the wilful act of a third person for reasons entirely personal to her."[18] In

---

[14] 284 Ga. App. at 289.

[15] See id. at 289-290 & 292-293 (1) (b).

[16] 238 Ga. App. 822, 824 (1) (520 SE2d 502) (1999).

[17] See id. at 823-824 (1).

[18] Id. at 824-825 (1).

9

*Murphy v. ARA Svcs., Inc.*,[19] this Court concluded that the employee's injuries from the sexual and verbal assault of her by a supervisor did not arise out of her employment, and they were not precluded by the exclusive remedy provision.[20]

In this case, although Dawson contends that the affidavit of the investigating officer provides evidence that there is a question of fact as to whether the attack was personal to her based on her resemblance to Williams's girlfriend, this is simply speculation as to Williams's motive without any support by testimony from Williams or anyone else that could create a fact question as to whether Williams attacked Dawson solely based on her resemblance to a particular person.[21] It is undisputed that Dawson and Williams were unknown to each other prior to the attack, and thus, Williams randomly attacked Dawson merely because she was at that location, even

---

[19] 164 Ga. App. at 859.

[20] Id. at 862-863. See also *Kennedy v. Pineland State Bank*, 211 Ga. App. 375, 376 (439 SE2d 106) (1993) (sexual assault of employee by board member was not barred by the exclusive remedy provision of the Act because she was equally exposed to the attack apart from her employment); *Wood v. Aetna Cas. &c.*, 116 Ga. App. 284, 286 (1) (157 SE2d 60) (1967) (decedent shot by co-worker's jealous husband was not a compensable injury because the injury did not arise out of employment).

[21] Compare with *Dixie Roadbuilders*, 318 Ga. App. at 233-234 (2) (b).

if her appearance somehow played a part in his decision to attack.[22] Although the Wal-Mart parking lot is not regarded as a high-crime location for that area, it is undisputed that Dawson was walking from the parking lot into the store at an early morning hour when it would still have been dark.[23] Under these circumstances, the trial court correctly determined that Dawson's claims against Wal-Mart were precluded by the exclusive remedy provision of the Georgia Workers' Compensation Act.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[22] See *Macy's South*, 215 Ga. App. at 663 (1); *Helton*, 155 Ga. App. at 607. Compare with *Kennedy*, 211 Ga. App. at 376; *Murphy*, 164 Ga. App. at 862-863; *Wood*, 116 Ga. App. at 285 (1).

[23] See *Macy's South*, 215 Ga. App. at 664 (1); *Helton*, 155 Ga. App. at 607.