**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 3, 2025**

# In the Court of Appeals of Georgia

A25A1922. PEACHSTATE CONCESSIONAIRES INC. v. BRYANT.

MERCIER, Judge.

Following the partial denial of its motion for summary judgment in this premises liability action, Peachstate Concessionaires, Inc. ("Peachstate") appeals, contending that the trial court erred when it determined that the claims brought by Mekiah Bryant, its employee, were not barred by the exclusive remedy provision of the Workers' Compensation Act. OCGA § 34-9-11 (a). For the reasons set forth below, we reverse.

It is settled that

[s]ummary adjudication is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of review to an appeal from a grant of

summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Mims v. Exclusive Ass'n. Mgmt.*, 372 Ga. App. 777, 777 (906 SE2d 799) (2024) (citations and punctuation omitted). The purpose of summary judgment is to prevent the waste of time and expense at trial on issues that present no question of fact for a jury. *Chandler v. Gately*, 119 Ga. App. 513, 524 (3) (167 SE2d 697) (1969).

In the light most favorable to Bryant, the record shows that, on December 5, 2020, she was working as a cashier at a Dunkin' Donuts store owned by Peachstate. Bryant's job duties required her to operate the register, fulfill orders, and handle customer complaints. That evening, Marquavis Goolsby, whom Bryant had never previously met, came to the drive-through, and a female in the car ordered food. Through the drive-through intercom, Bryant informed Goolsby and his female companion that the items being requested were not currently available, and the car drove away. About ten minutes later, Goolsby and the female companion returned, entered the store, and approached Bryant at the counter. While his companion remained silent, Goolsby complained that Bryant had been rude during the drive-through interaction. Goolsby asked to speak to the manager, but Bryant

informed him that the manager was occupied and he would have to wait. Goolsby continued complaining, and, according to Bryant, Goolsby "put his fingers in [her] face." Bryant told him not to do that, went around the counter to approach him, and admonished, "I don't play like that." At that point, the confrontation became physical, and Goolsby pulled out a kitchen knife and stabbed Bryant in the arm.

On November 30, 2022, Bryant filed suit against Peachstate for premises liability (including negligent security), negligent infliction of emotional distress, and attorney fees.[1] Thereafter, Peachstate moved for summary judgment on all claims, arguing, among other things, that Bryant's action was barred by the exclusive remedy provision of the Workers' Compensation Act. OCGA § 34-9-11 (a). The trial court granted Peachstate's motion as to the negligent infliction of emotional distress and attorney fee claims, but denied it as to the premises liability claims, ruling that it "c[ould] not find, as a matter of law, that [Bryant's] injuries on the job necessarily

---

[1] Bryant also named Goolsby as a defendant in her action and brought claims against him for assault, battery, intentional infliction of emotional distress, and false imprisonment.

arose out of her employment, as the risks of such injury were not reasonably incident to her employment." Peachstate now takes issue with this ruling.[2]

As a general matter, the Workers' Compensation Act "is designed to provide for relief to injured employees, while also protecting employers from excessive recoveries of damages[,]" *Savannah Hospitality Servs. v. Scriven*, 350 Ga. App. 195, 197 (828 SE2d 423) (2019) (citation and punctuation omitted), and it "should be liberally construed to effectuate its purpose." Id. (citation and punctuation omitted). To advance this directive and maintain balance between employer and employee, the Act contains an exclusive remedy provision stating that "[t]he rights and remedies granted to an employee by this chapter shall exclude . . . all other rights and remedies of such employee . . . on account of such injury, loss of service, or death[.]" OCGA § 34-9-11 (a). Therefore, on its face, this provision indicates that, in certain instances, actions brought by employees that fall outside the parameters of the Act may be barred.

When and if this exclusive remedy provision bars an action brought by an employee is a question of law that we review de novo. *Savannah Hospitality Servs.*, 350

---

[2] Following the partial denial of its motion for summary judgment, Peachstate filed an application for interlocutory review, which we granted.

Ga. App. at 198. And, in deciding this question of law, we are guided by precedent involving the assault of employees in the workplace by third parties. We have previously explained that

> [a] felonious assault by a third party upon an employee is treated as an accident covered by the Act, so long as the willful act is not directed against the employee for reasons personal to the employee. In order to determine if the assault occurred for reasons personal to the employee, we consider whether the injuries of which the employee complains (1) arose out of and (2) in the course of [her] employment. If these two conditions are met, the employee's tort claims are barred by the exclusive remedy provisions of the [Act]. Accordingly, whether the attack in this case occurred for reasons personal to [Bryant] depends on whether [her injuries] arose out of and in the course of [her] employment.

*Sturgess v. OA Logistics Servs.*, 336 Ga. App. 134, 135 (1) (784 SE2d 432) (2016) (citation, punctuation, and footnote omitted).

An injury "arises out of" employment when it "belongs to, or is connected with, what a workman has to do in fulfilling his contract of service." *Dawson v. Wal-Mart Stores*, 324 Ga. App. 604, 607 (2) (751 SE2d 426) (2013) (citation and punctuation omitted). "Contrarily, the definition excludes an injury which can not fairly be traced to the employment as a contributing proximate cause, and which

5

comes from a hazard to which the workmen would have been equally exposed apart from the employment." Id. (citation and punctuation omitted).

In this case, the trial court erroneously concluded that Bryant's injuries did not arise out of her employment because "there is a significant difference between the resolution of basic customer service dispute[s] and being subjected to criminal assault by a disgruntled customer." That distinction, however, is one of degree, not kind, and we have previously held that injuries of the kind at issue in the present matter fall within the exclusive remedy provision of the Act.

For example, in *DeKalb Collision Center v. Foster*, 254 Ga. App. 477 (562 SE2d 740) (2002), a dispute over a contractor's bill for the construction of a brick wall at the collision center escalated into a physical fight between the contractors and the center's owner and employees. Id. at 478-479 (1). During the confrontation, one of the center's employees, Henry Foster, was struck by a pickax and later died. Id. His survivors sued the collision center, but we ruled that their claims were barred by the Workers' Compensation Act's exclusive remedy provision. Id. at 482 (1). Specifically, we held that the risk of Foster's injuries "arose out of [his] job because it was peculiarly related to his employment and his job brought him within the range of danger when

6

the peril struck." Id. at 480 (1). We noted that "although being assaulted is not an obvious part of most jobs, the Act compensates for injuries in cases where an employee is assaulted or killed if there is a nonpersonal, causal connection to the work." Id. at 481 (1).

> In Foster's case, we then applied this law and explained:
>
> there is no evidence that Foster's death was causally connected to any personal matters. Though there are widely varying accounts about the fight itself, it is clear that it was rooted, at least initially, in a simple contract dispute involving Foster's workplace. The escalation of that dispute . . . did not make it any more personal to Foster. . . . Foster's reaction to [the dispute] was peculiarly related to his job as a DeKalb Collision employee and resulted in his being in the place where he was struck.

Id. at 481.

The same reasoning – and result – applies here. Goolsby's act of stabbing Bryant arose out of his displeasure with her job performance. There is no evidence that the attack was personal; indeed, the two had never met and did not otherwise know each other. In the absence of Bryant's interaction with Goolsby in her capacity as a cashier at Dunkin' Donuts, she would not have been assaulted. In other words, Bryant was exposed to the "causative danger [of being assaulted by a disgruntled customer] by virtue of the character and nature of her employment and the conditions

under which she worked[.]" *Employers Ins. Co. of Alabama v. Wright*, 108 Ga. App. 380, 382 (133 SE2d 39) (1963) (employee who was raped at work by a "purported customer" had a compensable workers' compensation claim).

Accordingly, Bryant's claims against Peachstate "are barred by the exclusive remedy provision of the Act[.]" See *Heard v. Mitchell's Formal Wear*, 249 Ga. App. 492, 494 (1) (549 SE2d 149) (2001) (store employee assaulted by a coworker could not sue store for negligence under the Act's exclusive remedy provision because the coworker's animosity "arose from reasons related to the employee's performance of her work-related duties"); *Handcrafted Furniture v. Black*, 182 Ga. App. 115, 116 (1) (354 SE2d 696) (1987) (employee's death at the hands of a coworker was compensable under the Act because "the record does not demand a finding that the attack was directed against the deceased for nonwork-related personal reasons"); *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 879-880 (354 SE2d 204) (1987) (Act's exclusive remedy provision barred aircraft school instructor's claims against his employer for injuries inflicted by a disgruntled student). Therefore, the trial court's denial of Peachstate's motion for summary judgment with regard to Bryant's premises

8

liability claim must be reversed, and, on remand, the trial court is directed to enter summary judgment in Peachstate's favor.

*Judgment reversed and case remanded with direction. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*